**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>                Plaintiffs,<br>  v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK ,<br>                Defendant. | Civil Action No. 1:1:19-cv-11093 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MAINTAIN UNDER SEAL PORTIONS OF THE PARTIES' JOINT DISCOVERY LETTER AND ATTACHED EXHIBITS CONTAINING COMMERCIALLY-SENSITIVE CONFIDENTIAL INFORMATION**

1

## INTRODUCTION

Pursuant to Paragraphs 10 and 11 of the May 28, 2020 Court-approved Stipulated Confidentiality Agreement and Protective Order, ECF No. 34 (the "Protective Order"), and Rule 4(B) of the Individual Rules of the Honorable Alvin K. Hellerstein, Defendant John Hancock Life Insurance Company of New York ("John Hancock") moves to maintain under seal Exhibits 2, 4-7, 10, and 12-17 to the Parties' August 11, 2021 joint discovery letter, portions of Exhibit 11 reflected in LaSalle Decl. Exhibit 2, and portions of the joint discovery letter that quote any of those exhibits, as reflected in the proposed redacted version of the joint discovery letter attached as **Exhibit A** to John Hancock's Motion.[1] John Hancock's Motion is timely because it is being filed within three days of the documents that are the subject of the Motion, *see* Individual Rules of the Honorable Alvin K. Hellerstein, Rule 4(B), and within the time afforded by the Protective Order, Protective Order ¶ 10.  As set forth below and in the accompanying Declaration of Zahir Bhanji, the material John Hancock seeks to maintain under seal consists of or refers to two broad categories of non-public, commercially sensitive, and proprietary information that is critical to John Hancock's business and competitive position: (1) John Hancock's proprietary actuarial assumptions, and the experience and methodology used to derive those assumptions; and (2) non-public financial information and business strategies ("Confidential Proprietary Material").

## ARGUMENT

In evaluating a motion for sealing, "a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher

---

[1] John Hancock does not move to maintain under seal Exhibits 1, 3, 8, or 9 to the Parties' August 11, 2021 joint discovery letter.

values outweigh the right of public access to that judicial document." *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020). There is no dispute that the documents John Hancock moves to seal are judicial documents, which are documents "relevant to the performance of the judicial function" that "would reasonably have the tendency to influence a district court's ruling on a motion." *Id.*

As to the second element, there is no presumption of public access to documents "passed between the parties in discovery." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Even when such documents, like the Confidential Proprietary Material, are filed with a court in connection with a discovery dispute, they are subject to only a weak presumption of public access. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (observing that "the weight of the presumption [of public access] is not particularly great" where documents are filed in connection with "a motion to compel further discovery from a party"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) ("[E]ven if [a deposition] transcript is filed for purposes of a motion to compel, the presumption [of public access] that would attach to the transcript would be low" because the court "would not be making any decision on the merits" but would only "be reviewing excerpts of the transcripts to resolve a discovery dispute."). That is because "a court's authority to oversee discovery," though important, "is ancillary to [its] core role in adjudicating a case." *Brown*, 929 F.3d at 50.

As to the third element, sealing documents is appropriate where the request is narrowly tailored to protect commercially sensitive information and the public's interest does not outweigh the need to protect that information. *See Hanks v. Voya Retirement Ins. and Annuity Co.*, Case No. 16-cv-6399, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021). Commercially sensitive

information includes actuarial assumptions, current and past cost-of-insurance rates charged to policyholders, and reviews of cost-of-insurance decisions. *See id.*; *see also Leonard v. John Hancock Life Insurance Co. of New York*, No. 18-cv-4994-AKH (S.D.N.Y.) (ECF Nos. 110, 125, 160, 171, and 187). Here, Exhibits 2, 4-7, and 10-17 contain the same categories of commercially sensitive information as those identified in *Hanks*, *i.e.* information pertaining to John Hancock's administration of life insurance policies, including reviews of John Hancock's cost of insurance rates, internal pricing guidelines, and product analyses, as well as deposition excerpts discussing confidential engagements by consultants. *See* Bhanji Decl. ¶ 3. **Exhibit B** is a chart containing descriptions of each document and the categories of commercially sensitive information each document contains, as well as the proposed redaction and sealing treatment. Accordingly, these documents should be sealed so as to protect John Hancock's commercially sensitive information, which would cause substantial competitive harm if it were to be released publicly. *See id.* ¶¶ 4-5. These potential harms include the possibility that competitors or other market participants would undercut John Hancock on pricing (*id.* ¶ 4), selectively purchase its life insurance products (*id.*), or gain leverage over John Hancock or usurp opportunities John Hancock has been developing (*id.* ¶ 5).

Motions to seal are narrowly tailored if information necessary to protect the interest at issue is redacted. *See, e.g.*, *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where party "narrowly tailored [proposed] redactions, strictly limiting them to the portion of the appendix containing" information to be maintained under seal); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal requiring redaction of a "limited number of statements in the briefs and exhibits"). But sealing an entire document may

be appropriate where the extent of the necessary redactions makes redaction impractical, *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (maintaining entire exhibit under seal because it could not "be practicably redacted"), such as where the document consists entirely of material that meets the criteria for sealing, *see Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 PKC, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing in their entirety exhibits containing commercially sensitive information).

Here, because Exhibits 2, 4-7, 10 and 12-17 to the Parties' August 11, 2021 joint discovery letter consist entirely of commercially sensitive information, all of their contents meet the criteria for sealing. Portions of Exhibit 11 contain commercially sensitive information, so John Hancock requests that this document be redacted. *See* Decl. of John F. LaSalle dated Aug. 13, 2021 at ¶ 4; *id.* at Ex. 2.  Importantly, John Hancock's request is not overbroad. It does *not* move to seal Exhibits 1, 3, 8, and 9, and instead requests that this Court seal only the most sensitive documents, Exhibits 2, 4-7, and 10-17. And John Hancock has requested that the Court maintain under seal only a few passages of the joint discovery letter that quote or paraphrase any of those exhibits, balancing the weak interest the public has in disclosure against John Hancock's interest in safeguarding sensitive commercial information the disclosure of which would cause John Hancock significant competitive harm. John Hancock's request is narrowly tailored, and it should be granted. *See Hanks*, 2021 WL 2451981 at *2-3 (granting motion to seal documents containing commercially sensitive information pertaining to cost-of-insurance rates).

## CONCLUSION

The Court should issue an order maintaining under seal all of Exhibits 2, 4-7, 10, and 12-17 to the Parties' August 11, 2021 joint discovery letter, portions of Exhibit 11 reflected in LaSalle

Decl. Ex. 2, and those portions of the letter that quote or paraphrase any of those exhibits, as reflected in the proposed redacted version of the joint discovery letter attached as Exhibit A to John Hancock's Motion.

                                                                 Respectfully,

Dated: August 13, 2021                */s/ John F. LaSalle III*

                                            Alan B. Vickery
                                            Joseph F. Kroetsch
                                            **BOIES SCHILLER FLEXNER LLP**
                                            333 Main Street
                                            Armonk, New York 10504
                                            Tel: (914) 749-8200
                                            Fax: (914) 749 8300

                                            John F. LaSalle III
                                            **BOIES SCHILLER FLEXNER LLP**
                                            55 Hudson Yards
                                            New York, NY 10001
                                            Tel.: (212) 446-2300
                                            Fax: (212) 446-2350

                                            *Attorneys for John Hancock Life Insurance*
                                            *Company of New York*