UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>     Plaintiffs,<br><br> v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>     Defendant. | Index Nos.<br>19-cv-11093 (AKH)<br>20-cv-04256 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST; LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY<br><br>     Plaintiffs,<br><br> v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A),<br><br>     Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PRECLUSION**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

I. Factual Background ................................................................................................... 4

   A. Vida Withholds Information Regarding Sales of Policies that It Agreed to Provide. ..... 4

   B. Vida Delays its Response to John Hancock's Demand to Update Its Discovery Responses. ................................................................................................................... 6

   C. With Four Weeks Left in the Fact Discovery Period, Vida Begins to Produce Responsive Documents. .............................................................................................. 8

   D. John Hancock's Rule 37(a)(1) Certification ................................................................ 9

II. Legal Standard ......................................................................................................... 10

III. Argument ................................................................................................................. 11

   A. Vida Failed to Timely Comply with Its Discovery Obligations. ............................... 11

   B. Vida's Delay Was Not Harmless. .............................................................................. 13

   C. Vida's Delay Was Not Substantially Justified. ......................................................... 15

IV. Conclusion ............................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Cases**

*24/7 Records, Inc. v. Sony Music Entm't, Inc.*,
  566 F. Supp. 2d 315 (S.D.N.Y. 2008) .................................................................................... 10

*Agence France Presse v. Morel*,
  293 F.R.D. 682 (S.D.N.Y. 2013) ..................................................................................... 12, 16

*Am. Stock Exch., LLC v. Mopex, Inc.*,
  215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................................. 10, 11, 13

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006) ............................................................................................ 12, 16

*Estate of Jaquez v. Flores*,
  2016 WL 1060841 (S.D.N.Y. 2016) ...................................................................................... 12

*Gap, Inc. v. G.A.P. Adventures, Inc.*,
  2011 WL 13239003 (S.D.N.Y. 2011) .............................................................................. 10, 15

*Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*,
  2021 WL 1298925 (S.D.N.Y. Apr. 7, 2021) ............................................................... 11, 14, 16

**Rules**

Fed. R. Civ. P. 16 .......................................................................................................................... 11
Fed. R. Civ. P. 26 .......................................................................................................................... 10
Fed. R. Civ. P. 37 .................................................................................................................... 10, 11

Defendants John Hancock Life Insurance Company of New York ("JHNY") and John Hancock Life Insurance Company (U.S.A) ("JHUSA") (collectively, "John Hancock") respectfully submit this memorandum of law in support their motion under Federal Rules of Civil Procedure 16(f), 26(e) and 37(a)–(c) to preclude evidence and argument on Vida's newly disclosed damages theory applicable to 21 Vida policies that Vida has sold during the pendency of litigation (of 76 total Vida policies at issue). In the alternative, the Court should reopen fact discovery for a three-month period for the sole purpose of allowing John Hancock to take discovery that Vida prevented John Hancock from taking prior to the November 19 fact discovery deadline.

**INTRODUCTION**

At the October 13, 2021 discovery conference, Vida informed the Court that "we have our damages set" and "[w]e have our theory formulated." Declaration of John LaSalle in Support of John Hancock's Motion for Preclusion ("LaSalle Decl.") Exhibit 1, Oct. 13, 2021 Hearing Tr., at 33:24-25. Less than two weeks later, however, Vida revealed that it was seeking damages on an additional and entirely new theory "in the form of reduction of purchase price paid by the third-party purchasers of these policies due to the COI Rate Increases." LaSalle Decl. Ex. 2, email chain dated Nov. 2, 2021, at 5-6 (Oct. 25, 2021 email from R. Krebs). John Hancock had been seeking discovery regarding any sales or attempted sales of Vida's Performance UL policies for over a year. Despite agreeing to provide such information in February 2021, Vida withheld discovery on such sales for months, a period during which Vida continued to submit materially incomplete interrogatory responses certifying that Vida was the beneficial owner of the policies, and put forward a 30(b)(6) representative who ████

1

██████████████████████████████████████████.[1] In early September 2021, after Vida confirmed to John Hancock that it had been selling policies that were included in this lawsuit since fall 2020, John Hancock demanded that Vida immediately update its discovery responses, but Vida delayed responding to John Hancock's requests for six weeks. Then, with four weeks left in the discovery period and after the Court warned that there would be no further extensions, Vida decided to disclose a new damages theory based on evidence that Defendants had not had opportunity to address in discovery prior to that disclosure.

This is not a situation in which a party belatedly disclosed a responsive set of documents or provided additional information regarding a topic on which its adversary already had notice. Rather, Vida actively prevented John Hancock from obtaining discovery that it had already agreed to provide and, after it got caught, tried to turn its delay to its advantage by seeking damages on the basis of the previously withheld materials. Vida's decision to wait until the final month of fact discovery, after the Court had warned that it would not extend that deadline, puts John Hancock in an untenable position.

Vida's decision to seek a new form of damages introduces a host of factual issues into this litigation. Vida appears to be arguing that the cost of insurance increase on the Performance UL policies caused a reduction in the purchase price that certain third parties were willing to pay Vida when Vida sold the policies, and that John Hancock should be liable for the difference between the actual sale price and a higher but-for sale price. In order to defend such a claim, John Hancock is entitled to understand, among other things, how the actual sale price was reached and what factors contributed to its calculation. Vida's new theory introduces new

---

[1] According to John Hancock's records, Wells Fargo was the owner of record of each of the Vida policies before and after each sale.

causation issues: differences in valuation assumptions and methodology, extensions to life expectancies by third party life expectancy providers, and obligations to return investor capital over a particular time horizon are relevant areas of investigation to determine how these factors, among others, contributed to the alleged change in sale prices.

As of the time of Vida's announcement, Vida had produced almost none of the documents that it concedes are relevant to the dispute. Now that fact discovery has closed, Vida has succeeded in preventing John Hancock understanding how the actual sale prices were reached and from taking depositions (including third party depositions) regarding those sale prices and the negotiations. Vida has not even produced a complete set of unredacted negotiations communications between Vida and the potential and actual purchasers regarding the sales. The prejudice to John Hancock is substantial and the only remedy is preclusion in light of the Court's prior guidance that it will not extend the fact discovery deadline. If the Court will not preclude Vida's belated damages theory, the Court should reopen fact discovery for a period no shorter than three months for the sole purpose of permitting John Hancock to take discovery of Vida and third parties regarding Vida's belated damages theory.[2]

---

[2] The Vida Plaintiffs, or "Vida", are VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP. All of the Vida Plaintiffs are plaintiffs in *VICOF II Trust v. John Hancock Life Insurance Company (U.S.A.)*, No. 20-cv-04256 ("*VICOF v. JHUSA*"); and VICOF II Trust and Vida Longevity Fund, LP, are plaintiffs in *VICOF II Trust v. John Hancock Life Insurance Company of New York*, No. 19-cv-11093 ("*VICOF v. JHNY*").

I. **Factual Background**

A. **Vida Withholds Information Regarding Sales of Policies that It Agreed to Provide.**

John Hancock first sought discovery regarding Vida's sales of its Performance UL policies in June 2020 document requests and November 2020 interrogatories.[3] Regardless of any damages theory, such discovery is relevant to determining who actually owns the policies and what claims or rights such owners have assigned to third parties. This information is necessary, at a minimum, to determine which COI deductions, if any, Vida has standing to pursue. It is also relevant to the then-operative Complaints' allegations that John Hancock's COI increase would "destroy[] the economic benefit of the policies", "cripple—if not ultimately destroy—the secondary market" and cause "senior insureds" to "lose significant value" from their policies. (*VICOF II et al. v. JHUSA* First Am. Compl. ¶¶ 55-56 (Dkt. 38); *VICOF II et al. v. JHNY* Compl. ¶¶ 47-48, (Dkt. 1).)

Vida agreed to provide discovery regarding actual and potential sales of the policies in February 2021. *See* LaSalle Decl. Ex. 7, email chain dated Mar. 10, 2021, at 4-5 (Feb. 15, 2021, email from D. Blaisdell memorializing meet-and-confer, Mar. 10, 2021 response from R. Fukushima). Vida provided responses to John Hancock's first interrogatories on January 14,

---

[3] *See, e.g.*, LaSalle Decl. Ex. 3, Defendant's 1st Requests for Production to Vida Plaintiffs, *VICOF v. JHUSA*, at No. 10 ("ALL DOCUMENTS and COMMUNICATIONS CONCERNING the sale or issuance of an OWNERSHIP INTEREST in the POLICIES"); LaSalle Decl. Ex. 4, Defendant's 1st Requests for Production to Vida Plaintiffs, *VICOF v. JHNY*, at No. 10 (same); LaSalle Decl. Ex. 5, Defendant's 1st Set of Interrogatories to Vida Plaintiffs, *VICOF v. JHUSA*, at No. 7 ("IDENTIFY every PERSON who has, or has ever had, an OWNERSIP INTEREST in the POLICY and, for each such PERSON, specify the dates and nature of the OWNERSHIP INTEREST."); LaSalle Decl. Ex. 6, Defendant's 1st Set of Interrogatories to Vida Plaintiffs, at No. 7, *VICOF v. JHNY* (same).

2021, and amended responses on May 5, 2021, stating that the "Vida Funds are the ultimate owners and beneficiaries of the Policies," *i.e.*, all of the Policies identified in Vida's pleadings.[4]

That was not true. ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Vida has sold 21 policies to date.[5] Vida claimed to own each of those policies, even those it had already sold, in its original and first amended interrogatory responses.[6]

The first time Vida provided *any* discovery on the details of *any* sale was on August 27, 2021—the Friday before its 30(b)(6) deposition—when Vida produced a single redacted purchase-and-sale agreement ("PSA") ████████████████████████████████████████. None of the PSAs for the other policies that had been sold as of August 2021 were included in the production or in any earlier production. Vida had already agreed to designate and prepare its 30(b)(6) witness on actual and potential sales of its policies, but Vida's designee testified

---

[4] *See* LaSalle Decl. Ex. 8, Vida Plaintiffs' Responses to Defendant's First Set of Interrogatories, *VICOF v. JHUSA*, at No. 1, 7; LaSalle Decl. Ex. 9, Vida Plaintiffs' Responses to Defendant's First Set of Interrogatories, *VICOF v. JHNY*, at No. 1, 7; LaSalle Decl. Ex. 10, Vida Plaintiffs' First Amended Responses to Defendant's First Set of Interrogatories, *VICOF v. JHUSA*, at No. 1, 7; LaSalle Decl. Ex. 11, Vida Plaintiffs' First Amended Responses to Defendant's First Set of Interrogatories, *VICOF v. JHNY*, at No. 1, 7; *cf. VICOF II et al. v. JHNY* Complaint Ex. 3 (Dkt. 1-3); *VICOF II et al. v. JHUSA* First Amended Complaint Ex. 4 (Dkt. 38-4).

[5] LaSalle Decl. Ex. 2, at 3-4 (Oct. 28, 2021 email from R. Krebs); *VICOF II et al. v. JHNY* First Amended Complaint at ¶ 26 (Dkt. 102); *VICOF II et al. v. JHUSA* Third Amended Complaint at ¶26 (Dkt. 109).

[6] *Compare* LaSalle Decl. Ex. 2, at 3-4 (Oct. 28, 2021 email from R. Krebs) (identifying sold policies), *with* LaSalle Decl. Ex. 8, at No. 18 (enumerating the "Policies" purportedly owned by Vida), LaSalle Decl. Ex. 9, at No. 18 (same); LaSalle Decl. Ex. 10, at No. 18 (same); LaSalle Decl. Ex. 11, at No. 18 (same).

████████████████████████████████████████████████████████

██████████.[7]

On September 1, 2021, hours after the conclusion of the 30(b)(6) deposition, John Hancock tried to get to the bottom of which policies Vida purported to own, which policies it had sold, and which policies it retained the right to sue upon. Vida disclosed that it had sold a total of 19 policies. Vida did not disclose when those policies had been sold or to whom. Vida asserted that they were "not pursuing claims on policies they have sold where they have not retained the right to pursue such claims." LaSalle Decl. Ex. 15, email chain dated Sept. 1, 2021, at 1 (Sept. 1, 2021 email from R. Krebs). John Hancock, however, could not test the veracity of that statement as to 14 of those policies for which no sale documents had been produced. In any event, this statement was untrue because, as described below, seven weeks later Vida for the first time announced that it seeks damages in the form of lower sale prices paid by third parties purchasers, in contravention of their earlier statement.

### B. Vida Delays its Response to John Hancock's Demand to Update Its Discovery Responses.

On September 10, 2021, John Hancock requested that Vida update its document production and discovery responses regarding the sales to make clear exactly what rights Vida retained, which it had sold, to whom, on what terms, and other material details. LaSalle Decl. Ex. 2, at 9-10 (Sept. 10, 2021 email from M. Taintor). Because discovery was closing soon and Vida's discovery responses had been incomplete and inaccurate for months, John Hancock followed up on September 16 and September 28. *Id.* at 8, 9.

---

[7] LaSalle Decl. Ex. 12, Vida Plaintiffs' Responses & Objections to Defendant's Notice of 30(b)(6) Deposition, *VICOF v. JHUSA*, at Topic No. 29; LaSalle Decl. Ex. 13, Vida Plaintiffs' Responses & Objections to Defendant's Notice of 30(b)(6) Deposition, *VICOF v. JHNY*, at Resp. to Topic No. 29; LaSalle Decl. Ex. 14, Transcript of Vida 30(b)(6) (Adam Meltzer) Deposition 154:5-155:13, 160:8-17, 171:21-174:4, 176:2-177:13, 182:6-183:2.

On October 6, Vida responded, making clear that it was sitting on relevant and responsive discovery while it considered the extent to which compliance would benefit Vida:

> In our email of Sept. 1, 2021, we provided you with a list of policies that have been sold.  *See* Sept. 1, 2021 email from R. Krebs to J. LaSalle.  We can confirm that Vida Funds are not seeking as damages excess COI deducted from those policies.  *We are still determining whether Vida Funds intend to seek other forms of damages in connection with these policies.*  If so, Vida Funds will promptly amend their discovery responses as necessary and produce any non-privileged documents concerning such damages.

*Id.* at 7-8. (Oct. 6, 2021 email from R. Krebs (emphasis added)).  John Hancock followed up again the next day, and on October 19.  *Id.* at 6-7.

Meanwhile, Vida told the Court at the October 13, 2021, discovery conference that its case should be tried first before other related cases "because we have our damages set.  We have our theory formulated.  We have adequate counsel."  LaSalle Decl. Ex. 1, Tr. at 33:21-25.  At that hearing, the Court stated that it would not extend the fact discovery deadline again: "I'll tell you something.  I am not going to adjourn that date.  I am not going to give you more time after that.  You know what you need to know."  *Id.* at 30:25-31:2.  In its October 14, 2021 Order, the Court reiterated that there would be no further adjournments of the fact discovery deadline.  (Dkt. No. 100 ¶ 9.)

Apparently, Vida continued to consider for two more weeks whether it would seek "other forms of damages" on policies it sold more than a year earlier.  On October 25, Vida wrote to John Hancock:

> Following up on the below, in addition to providing supplemental discovery responses to the interrogatories identified in your email, the Vida plaintiffs will be providing supplemental disclosures this week concerning their pursuit of damages on policies that have been sold—Policy Nos. 1204979, 1202867, 1203029, 1203695, 93443638, 93506590, 93605368, 93719300, 93720050, 93862431, 93875979, 93967396, 93994457, 94009917, 94010824, 94177094, 94193604, 93714061 and 93766673—in the form of reduction in purchase price paid by the third-party purchasers of these policies due to the COI Rate Increases.

7

LaSalle Decl. Ex. 2, at 5-6 (Oct. 25, 2021 email from R. Krebs).

John Hancock responded the next day, October 26, explaining that Vida's delay was improper and that Vida has withheld information from John Hancock that is necessary to establish its defenses. *Id.* at 4-5 (Oct. 26, 2021 email from J. LaSalle). John Hancock reserved all rights and demanded immediate production of documents that Vida had already agreed to produce in February 2021. *Id.* John Hancock repeated its demand that Vida supplement its interrogatory responses, demanded that Vida amend its initial disclosures, and sought dates for the continued 30(b)(6) deposition of Vida. *Id.*

### C. With Four Weeks Left in the Fact Discovery Period, Vida Begins to Produce Responsive Documents.

During the four weeks following Vida's announcement of its new damages theory, John Hancock and Vida met and conferred regarding the scope of Vida's production relating to its sold policies. Vida has begun producing some, but not all, of the documents John Hancock demanded on October 26 (which were responsive to requests for production served in 2020). Vida's productions continued through the eve of November 19, the deadline for fact discovery. As of that deadline, Vida had not yet produced numerous categories of documents. Vida continues to improperly limit its proposed production of documents and communications about negotiations from Vida's trading team to only those that mention John Hancock's COI increase—i.e., the one cause to which Vida wants to attribute any allegedly reduced sale price. LaSalle Decl. Ex. 16, email chain dated Nov. 19, 2021, at 1 (Nov. 19, 2021 email from M. Taintor). Despite fact discovery having closed on November 19, John Hancock intends to continue to meet and confer with Vida to obtain the documents that Vida should have produced well before the November 19 cut-off.

8

On October 29, Vida amended its initial disclosures, identifying the policies it had sold and stating that "Vida Funds seek the reduction in value/purchase price due to the cost of insurance rate increases."[8] The amended initial disclosures included a new witness, John Hendrickson, who was not previously identified. Vida agreed to produce Mr. Hendrickson and proposed dates for his deposition in December 2021, after the close of fact discovery. LaSalle Decl. Ex. 19, Nov. 11 email from H. Boylan Clark. Vida also agreed to reopen its 30(b)(6) deposition on the topic of potential and actual sales of the policies. LaSalle Decl. Ex. 2, at 3-4 (Oct. 28 email from R. Krebs). On November 3 and 10, Vida and Wells Fargo, respectively, provided amended interrogatory responses, which John Hancock maintains are materially deficient.[9]

During the November 12 meet-and-confer and in follow-up emails, John Hancock asked Vida whether it would agree to secure the voluntary cooperation of Vida's counterparties to sit for remote depositions and accept document subpoenas in this matter. Each of the counterparties are domiciled in either Ireland or the Cayman Islands. As of the time of filing, Vida has not yet responded to John Hancock's request. LaSalle Decl. ¶ 4. The process of compelling depositions and documents from known tax havens could take months without voluntary cooperation.

### D.  John Hancock's Rule 37(a)(1) Certification

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Defendants certify that, as described herein, counsel for Defendants have conferred in good faith to resolve this dispute

---

[8] LaSalle Decl. Ex. 17, Plaintiffs' First Amended Rule 26(a)(1) Initial Disclosures, *VICOF v. JHUSA*, at § III; LaSalle Decl. Ex. 18, Plaintiffs' First Amended Rule 26(a)(1) Initial Disclosures, *VICOF v. JHNY*, at § III.

[9] *See* LaSalle Decl. Ex. 20, Nov. 19 email from M. Taintor; LaSalle Decl. Ex. 21, Vida Plaintiffs' Second Amended Responses & Objections to Defendant's First Set of Interrogatories, *VICOF v. JHUSA*; LaSalle Decl. Ex. 22, Vida First Amended Plaintiffs' Responses & Objections to Defendant's First Set of Interrogatories, *VICOF v. JHNY*.

without the need for Court intervention. Defendants, represented by John LaSalle and Michael Taintor, of Boies Schiller Flexner LLP, among others, and Vida, represented by Rich Krebs of Orrick Herrington & Sutcliffe LLP, among others, met by teleconference about this dispute on November 2, 2021, and on November 12, 2021. Discussions regarding this dispute have exceeded two hours. The Parties also exchanged written correspondence regarding this dispute on October 26, and November 2, 5, 11, 12, 15, and 19, 2021.

## II. Legal Standard

The Federal Rules prohibit dilatory discovery tactics that result in "'surprise' or 'trial by ambush.'" *Gap, Inc. v. G.A.P. Adventures, Inc.*, 2011 WL 13239003, at *3 (S.D.N.Y. Apr. 14, 2011) (J. Hellerstein) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). The principal requirement is that a party "must supplement or correct its disclosure or response" to Rule 26(a) disclosures, interrogatories, and document requests, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). The remedy is that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). That remedy of "[p]reclusion pursuant to Rule 37(c)(1) 'is "automatic" unless the non-disclosure was substantially justified or harmless, or unless the district court in its discretion chooses an alternative sanction as provided' in the rule." *Gap, Inc.*, 2011 WL 13239003 (citing *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008)). Delay is not harmless, and preclusion is appropriate where

10

a party is "deprived of the opportunity to pursue needed fact discovery unless it [is] willing to accept a substantial delay in the case," and the burden of showing "harmlessness rests with the dilatory party." *Mopex*, 215 F.R.D. at 93, 95.  "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request," but "[t]he burden of proving substantial justification rests with the party which has failed to disclose information." *Mail Am. Commc'ns*, 2021 WL 1298925, at *3, *appeal withdrawn*, 2021 WL 3163666 (2d Cir. July 16, 2021) (internal quotations and citation omitted).  In addition, "the court may issue any just orders, including those authorized by 37(b)(2)(A)(ii)–(vii)," including preclusion, "if a party . . . fails to obey a scheduling or other pretrial order," such as by failing to provide discovery prior to a discovery deadline.  Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii).

### III. Argument

Vida should be precluded from introducing argument or evidence regarding its untimely-disclosed damages theory for the 21 policies Vida has sold, in light of Vida's protracted and improper obstruction of discovery on this issue during fact discovery and delay in supplementing its disclosures.  Vida should not be permitted to force John Hancock to take expedited discovery after the close of the fact discovery period, and thereby accept a substantial delay in the case that was wholly avoidable.  The consequence of Vida's untimely disclosure and failure to comply with discovery requests and court-ordered deadlines, and the only way to avoid substantial prejudice to John Hancock, is preclusion of evidence on Vida's new damages theory.

#### A. Vida Failed to Timely Comply with Its Discovery Obligations.

As shown above, Vida failed to comply with its discovery obligations in a timely manner. John Hancock sought information and documents regarding any actual or potential sale of the

11

policies nearly a year and a half ago.  *See supra* at 4 & n.3; LaSalle Decl. Exs. 3–6.  Vida agreed to provide this information in February 2021.  *Supra* at 4-5 & n.4; LaSalle Decl. Ex. 7, at 6.  Vida withheld discovery about numerous sales until the eve of its 30(b)(6) deposition, where Vida's corporate representative ███████████████████████████████████████████████

███████████████████████████████████████████.  *See supra* at 6 & n.8; LaSalle Decl. Ex. 14, at 154:5-155:13, 160:8-17, 171:21-174:4, 176:2-177:13, 182:6-183:2.

Despite John Hancock pressing Vida to immediately revise its discovery responses, Vida took the position on October 6 that it would only do so *if* it decided in the fall of 2021 to seek damages in connection with the sales.  *Supra* at 7-8; LaSalle Decl. Ex. 2, at 8 (Oct. 6, 2021 email from R. Krebs).  Vida then told the Court on October 13, at which point it had still not disclosed any new damages theory or produced any of the requested discovery, "we have our damages set.  We have our theory formulated.  We have adequate counsel."  *Supra* at 8; LaSalle Decl. Ex. 1, Tr. at 33:24-25.  Vida then changed its mind, and disclosed its new theory on October 25, 2021, four weeks before the deadline for completing fact discovery.  *See supra* at 8.; LaSalle Decl. Ex. 2, at 5-6 (Oct. 25, 2021 email from R. Krebs).

There can be no dispute that Vida's belated announcement of its decision to seek damages regarding depressed sale prices, Vida's delay in producing responsive documents, Vida's inadequately prepared 30(b)(6) witness, and Vida's delay in supplementing its interrogatory responses and initial disclosures have prevented John Hancock from concluding fact discovery on the schedule set by the Court.  Vida has failed to comply with its discovery and disclosure obligations in a timely manner, the remedy for such a failure that is unjustified and prejudicial, as it is here, is preclusion.  *Estate of Jaquez v. Flores*, 2016 WL 1060841, at *7 (S.D.N.Y.  Mar. 17, 2016) ("Numerous courts have precluded parties from introducing evidence

relating to particular categories of damages where those parties failed to comply with their Rule 26 disclosure obligations."); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-97 (2d Cir. 2006); *Agence France Presse v. Morel*, 293 F.R.D. 682, 683-87 (S.D.N.Y. 2013).

### B. Vida's Delay Was Not Harmless.

Vida's delay has caused substantial prejudice to John Hancock. A failure to comply with discovery obligations is "harmless" only "when there is no prejudice to the party entitled to the disclosure," which Vida cannot show here. *Mopex,* 215 F.R.D. at 93 (citation and quotation omitted). Absent any extension of the schedule—which this Court made clear it would not grant in its October 14 Order—Vida will have precluded John Hancock from undertaking virtually any of the discovery necessary to defend against this theory.

Specifically, Vida has produced only (1) PSAs showing actual sale prices, (2) valuation documents showing prior valuations, and (3) documents from the trading team discussing John Hancock's COI increase; presumably so that Vida's experts can opine that all or nearly all of the decrease in value is attributable to the COI increase. On the other hand, Vida has precluded John Hancock from seeing entire categories of documents that might show alternative causes of any price decrease, including Vida's trading team's communications that might attribute the sale price to any other factor. Moreover, Vida has prevented John Hancock from taking an effective 30(b)(6) or even a 30(b)(1) deposition of any of the traders who would have that knowledge, informed by documents within the fact discovery period. *See Mopex*, 215 F.R.D. at 95 ("Because the AMEX did not know during discovery that its alleged infringement of patent claim 34 was now at issue, Mopex's failure to amend seasonably was not harmless. The AMEX was prejudiced by Mopex's late disclosure of its claim regarding patent claim 34 because the AMEX was: (1) deprived of the opportunity to pursue needed fact discovery unless it was

13

willing to accept a substantial delay in the case, and (2) compelled to have its expert assess the issue at the last minute without the benefit of fact discovery.").

Even if the materials Vida provided were complete, Vida has prevented John Hancock from taking discovery of Vida's counterparties—third parties with knowledge of how the sale prices were agreed upon. Vida has not yet agreed to work with John Hancock to secure cooperation from those entities which are domiciled in known tax havens like Ireland and the Cayman Islands, from which it will be difficult or impossible to compel discovery even within a modestly extended discovery period without cooperation. *See supra* at 10; *see also Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021) (J. Hellerstein), *appeal withdrawn*, 2021 WL 3163666 (2d Cir. July 16, 2021) ("Admitting Defendant's newly submitted evidence would deprive Plaintiff of the opportunity to discover, take depositions, and respond. Defendant's attempt to introduce new evidence after the agreed-upon discovery deadline has lapsed is precisely the kind of 'sandbagging' that Rule 37 seeks to prevent.").

During meet-and-confers over this motion, Vida claimed that there was no prejudice to John Hancock and that the parties should jointly seek an extension of the fact discovery deadline. Vida even acknowledged that if such an extension were denied, then John Hancock would have a stronger case for preclusion. LaSalle Decl. ¶ 5. This theory of "no harm, no foul" ignores that the Court already stated that no extension would be granted. Furthermore, Vida has no basis to force John Hancock to come to the Court, hat in hand, seeking more time to remedy injury caused by Vida's delay. Moreover, Vida ignores that even if John Hancock received an extension to finish discovery, Vida will have succeeded in substantially compressing the period to conduct discovery on this topic in light of the length of the entire 18-month discovery period.

14

No matter the outcome of this motion, Vida will have forced John Hancock to divert resources during the last weeks of the fact discovery period from its own efforts to complete fact discovery in these and the other related cases. Such diversion could have been avoided had Vida timely complied with its discovery obligations.

### C. Vida's Delay Was Not Substantially Justified.

Vida's delay was not substantially justified. Indeed, Vida has offered John Hancock no justification whatsoever. Vida's strategic decision to delay compliance until it decided compliance would benefit Vida more than non-compliance is no justification at all. And any claim that Vida simply took a year to realize that it would need a new damages theory for sold policies should fare no better. Vida's failure to supplement its initial disclosures and interrogatory responses in these circumstances, without justification and while causing grave prejudice, renders preclusion "automatic." *Gap, Inc.*, 2011 WL 13239003, at *3 (internal quotation omitted).

Even if Vida could proffer a convincing *post hoc* rationalization for its failure to appreciate its damages theory—which it has not disclosed to John Hancock—that would not excuse its withholding of discovery on policy sales. Whether Vida owns the policies it is suing on is critical to whether Vida has any right to sue or recover on these contracts. And whether Vida has continued to trade in these policies on the secondary and tertiary markets is relevant to the then-operative allegations about the alleged effects on the market of and potential motivations behind John Hancock's COI increase. This discovery has been relevant since Vida filed suit almost two years ago, and it has been responsive to John Hancock's requests for more than a year, so Vida should have complied *regardless* of its damages theory. Even Vida appeared to recognize that fact when it agreed in writing to produce documents in February

15

2021, and provided interrogatory responses in January and May that seemed responsive, but which John Hancock now knows were materially incomplete.

Vida's failure to proffer *any* justification for its belated disclosure of its new damages theory, in combination with Vida's failure to respond to John Hancock's repeated requests for discovery on the sale of its policies, is a sufficient ground for ordering preclusion. In *Agence France Presse v. Morel*, the court found preclusion to be justified based on the plaintiff's failure to offer a justification for its untimely disclosure of its damages theory and its failure to respond to the defendant's requests. 293 F.R.D. at 688-87. Specifically, the court reasoned, "Plaintiff's complete failure to explain or justify the untimeliness of his new damages computation" suggested "a deliberate attempt on Plaintiff's part to engage in the 'sandbagging' that Rule 26 forbids and, in any event, severe sanctions are appropriate in order to deter what is at best a significant and unexplained mistake or an eleventh-hour change of course in light of the Court's summary judgment ruling." *Id*.; *see also Mail Am. Commc'ns,* 2021 WL 1298925, at *3 (J. Hellerstein) (ordering preclusion after finding that "Defendant has made no attempt to justify its repeated failure to produce"). The court found the plaintiff's lack of justification particularly suspicious in light of its failure to respond to the defendant's requests. *Agence France Presse*, 293 F.R.D. at 688 ("[W]hile a party's failure to disclose information of its own accord might be excused as a mere oversight, Plaintiff's failure to do so in response to Defendant's specific requests suggests both greater prejudice to Defendants and greater culpability on Plaintiff's part."); *see also Design Strategy, Inc.*, 469 F.3d at 295 ("[Plaintiff's] failure to comply with this requirement was especially troubling because, as noted by the District Court, the IT Defendants specifically *requested* a calculation of damages") (emphasis in original). The same two factors apply here—thus, demonstrating that preclusion is an appropriate remedy.

## IV. Conclusion

The Court should grant John Hancock's motion to preclude evidence and argument on Vida's newly disclosed damages theory. In the alternative, the Court should reopen fact discovery for a three-month period for the sole purpose of allowing John Hancock to take discovery that Vida prevented John Hancock from taking prior to the November 19 fact discovery deadline.

Dated: November 23, 2021
New York, New York

/s/ John F. LaSalle III
Alan B. Vickery
John F. LaSalle III
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350
avickery@bsfllp.com
jlasalle@bsfllp.com

Joseph F. Kroetsch
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.: (914) 749 8200
Fax: (914) 749-8300
jkroetsch@bsfllp.com

*Attorneys for John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A)*