UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>        Plaintiffs,<br><br>        -against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>        Defendant. | Index No. 1:19-cv-11093-AKH<br>            1:20-cv-04256-AKH<br>            1:20-cv-04258-AKH |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>        Plaintiffs,<br><br>        -against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>        Defendant. | |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS | |

OF THE SALI MULTI-SERIES FUND, LP;
DLP MASTER TRUST; DLP MASTER
TRUST II; GWG DLP MASTER TRUST;
LIFE FUNDING TRUST;
PF PARTICIPATION FUNDING TRUST;
and PALM BEACH SETTLEMENT
COMPANY

     Plaintiffs,

    -against-

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

     Defendant.

**Motion for Continued Sealing of Portions of Exhibits to Defendant's Answer to Plaintiffs' Amended and Consolidated Complaint**

  Pursuant to Rule 4.A and 4.B.ii of this Court's Individual Rules of Practice, Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order entered in *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, Case No. 1:19-cv-11093 (AKH) (ECF No. 34), and applicable law, Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Plaintiffs") respectfully request that the Court authorize the continued sealing of portions of Exhibits A to J to Defendant's Answer to Plaintiffs' Amended and Consolidated Complaint ("Defendant's Answer") filed in *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH (ECF 117), *VICOF II, et al. v John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04256-AKH (ECF 118), and *EFG Bank AG, Cayman Branch, et al. v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04258-AKH (ECF 111).[1]

---

[1] These three cases have since been consolidated into *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH, pursuant to the Court's Orders on December 1, 2021. *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH (ECF 121); *VICOF II, et al. v John Hancock Life Insurance Company*

1

Courts have long recognized the common law public "right of access" to judicial records, but they have also cautioned that this right of access "is not absolute." *See, e.g., Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *U.S. v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017); *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1 (W.D.N.Y. Mar. 29, 2005).  The presumption of public access to judicial documents must be balanced against countervailing factors, such as whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (keeping under seal a client list that "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff"); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (authorizing the redaction of "highly proprietary material").  Here, the weak presumption of public access to irrelevant documents is outweighed by Plaintiffs' interest in maintaining the confidentiality of certain non-public, commercially sensitive, and proprietary information, the disclosure of which would cause Plaintiffs competitive harm. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding the defendants' interest in protecting the confidentiality of proprietary material outweighed the presumption of public access).

Exhibits A to J to Defendant's Answer are confidential purchase and sale agreements ("PSAs"), dated between September 15, 2020 and October 22, 2021, between Vida Plaintiffs and third parties concerning Vida Plaintiffs' sale of certain life insurance policies, including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation. Declaration of Stephen Kirkwood in Support of Plaintiffs' Motion for Continued Sealing of Portions of Exhibits to Defendant's Answer to Plaintiffs' Amended and Consolidated Complaint ("Kirkwood Decl."), ¶3.  The PSAs are not publicly available, and they contain provisions that

---

*(U.S.A.)*, 20-cv-04256-AKH (ECF 123); *EFG Bank AG, Cayman Branch, et al. v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04258-AKH (ECF 116).

prohibit their disclosure to third parties. *Id*. They also are not identical form contracts. *Id*. They contain unique information specific to each transaction and each purchaser. *Id*.

Vida Plaintiffs tailor their request to the most sensitive portions of the PSAs that merit protection. Those provisions are: (1) the total sale price for each transaction and the sale price of each policy not at issue in this litigation; (2) information regarding life insurance policies not at issue in this litigation; (3) all information identifying the purchasers, including name, description, and registration number (where applicable) for the purchasers; (4) personally identifiable information contained in the Notice sections of the PSAs, including individuals' names, phone numbers, and email addresses; and (5) insureds' personally identifiable information. The public disclosure of those proprietary, highly confidential, and business sensitive portions of the agreements would cause serious injury to Vida Plaintiffs and potentially to third parties such as the purchasers. Vida Plaintiffs attach versions of PSAs with these five categories of information redacted as **Exhibits 1** to **10** to this motion.

The Court should grant Vida Plaintiffs' request to protect the information in the first, second, and third categories because sale prices, policies not at issue in this litigation, and purchaser information are highly sensitive to Vida Plaintiffs' business and public disclosure of such information would cause competitive harm to Vida Plaintiffs. These three categories are "sensitive and proprietary information" that should be protected from public disclosure. *See Awestruck Mktg. Grp., LLC*, 2016 WL 8814349, at *2. The information relates specifically to the confidential financial and other contractual terms of private sale agreements negotiated between Vida Plaintiffs and third parties concerning certain life insurance policies. Kirkwood Decl. ¶ 4. Vida Plaintiffs do not disclose to the public the business methods and strategies concerning the sale and management of their life insurance business, including those relating to the financial terms of sale agreements, identification of assets, and identification of counterparties to sales agreements, such as the information Vida Plaintiffs seek to redact from the PSAs. *Id.* ¶ 5.

Public disclosure of these details would allow Vida Plaintiffs' competitors to have an inside look at Vida Plaintiffs' business decisions concerning their sale and management of life insurance policies. *Id.* In particular, public disclosure of this information would reveal the exact pricing of Vida Plaintiffs' life insurance policies. *Id.* This would enable entities that are not parties to these private agreements to understand Vida Plaintiffs' sale process and decisions. *See id.* Vida Plaintiffs would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.* Public disclosure of these details may also have a chilling effect on future purchasers' desire to do business with Vida and its funds. Kirkwood Decl. ¶ 6.

Moreover, the policies redacted in the PSAs are not policies subject to Defendants' cost of insurance rate increases that are the subject of this litigation and therefore have no relevance to any claim or defense in this case. *See id.* ¶ 7. Vida Plaintiffs are also under an obligation to keep this information confidential under the terms of the PSAs and applicable privacy laws. *See id.*

The Court should grant Vida Plaintiffs' request to protect the information in the fourth and fifth categories: personally identifiable information contained in the Notice section of the PSAs and insureds' personally identifiable information. The individuals listed in the Notice sections of the PSAs and the insureds of the policies listed in the PSAs are not parties to this litigation and their personally identifiable information is irrelevant to this case. The Electronic Case Filing Rules & Instructions Section 21.3 instructs the counsel that "You should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case." Furthermore, public disclosure of these categories of personally identifiable information also brings competitive harm to Vida Plaintiffs, as Vida Plaintiffs have an obligation to keep personally identifiable information confidential under the terms of the PSAs and applicable privacy laws. *See id.* ¶ 8.

The redacted portions of the PSAs described above are narrowly tailored and thus would not frustrate the public's interest in maintaining the accessibility of court records. Indeed, any member of the public interested in this lawsuit can easily ascertain anything relevant to the case, and most of the specifics, by viewing the unredacted remainder of the PSAs. Sealing the specified portions of the documents will therefore not impede the public's ability to access and understand the case. As serious injury will result if the information is disclosed, and sealing the redacted portions of the PSAs is the only way to effectively prevent the substantial harm that would be risked by public disclosure, the interest in secrecy outweighs presumption of public access. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649.

For the foregoing reasons, Vida Plaintiffs respectfully request that the Court grant this motion and permit filing in redacted form the PSAs attached as Exhibits 1 to 10 to this motion.

Dated: December 20, 2021                                  Orrick, Herrington & Sutcliffe LLP

By: */s/ Khai LeQuang*
    Khai LeQuang
    klequang@orrick.com
    2050 Main Street
    Suite 1100
    Irvine, CA 92614-8255
    Tel: (949) 567-6700

    *Attorneys for Plaintiffs*