UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>        Plaintiffs,<br><br>        -against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>        Defendant. | Index No. 1:19-cv-11093-AKH<br>1:20-cv-04256-AKH<br>1:20-cv-04258-AKH |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>        Plaintiffs,<br><br>        -against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>        Defendant. | |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS | |

OF THE SALI MULTI-SERIES FUND, LP;
DLP MASTER TRUST; DLP MASTER
TRUST II; GWG DLP MASTER TRUST;
LIFE FUNDING TRUST;
PF PARTICIPATION FUNDING TRUST;
and PALM BEACH SETTLEMENT
COMPANY

     Plaintiffs,

    -against-

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

     Defendant.

## Motion for Continued Sealing of Portions of Exhibits to the LaSalle Declaration in Support of Defendants' Motion for Preclusion

Pursuant to Rule 4.A and 4.B.ii of this Court's Individual Rules of Practice, Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order entered in *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, Case No. 1:19-cv-11093 (AKH) (ECF No. 34), and applicable law, Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Plaintiffs") respectfully request that the Court authorize the continued sealing of portions of Exhibits 14, 21, and 22 to the Declaration of John F. LaSalle in Support of Defendants' Motion for Preclusion ("LaSalle Declaration") filed in *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH (ECF 108) and *VICOF II, et al. v John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04256-AKH (ECF 108).[1]

---

[1] These two cases have since been consolidated into *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH, pursuant to the Court's Orders on December 1, 2021. *VICOF II Trust, et al. v. John Hancock Life Insurance Company of New York*, 19-cv-11093-AKH (ECF 121); *VICOF II, et al. v John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04256-AKH (ECF 123).

1

Courts have long recognized the common law public "right of access" to judicial records, but they have also cautioned that this right of access "is not absolute." *See, e.g., Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *U.S. v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017); *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1 (W.D.N.Y. Mar. 29, 2005). The presumption of public access to judicial documents must be balanced against countervailing factors, such as whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (keeping under seal a client list that "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff"); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (authorizing the redaction of "highly proprietary material"). Here, the weak presumption of public access to irrelevant information is outweighed by Plaintiffs' interest in maintaining the confidentiality of certain non-public, commercially sensitive, and proprietary information, the disclosure of which would cause Plaintiffs competitive harm. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding the defendants' interest in protecting the confidentiality of proprietary material outweighed the presumption of public access).

Exhibit 14 to the LaSalle Declaration is excerpts of the transcript of the Rule 30(b)(6) deposition of Adam Meltzer on behalf of Vida Plaintiffs. Declaration of Stephen Kirkwood in Support of Plaintiffs' Motion for Continued Sealing of Portions of Exhibits to the LaSalle Declaration in Support of Defendants' Motion for Preclusion ("Kirkwood Decl.") ¶ 3. Exhibits 21 and 22 to the LaSalle Declaration are excerpts of Vida Plaintiffs' confidential Second Amended Responses to Defendants' First Sets of Interrogatories. *Id.* ¶ 4. Vida Plaintiffs tailor their request for redaction to information identifying the purchasers of certain life insurance policies at issue in this case. Vida Plaintiffs attach versions of Exhibits 14, 21, and 22 with the purchasers' information redacted as Exhibits A, B, and C to this motion.

The Court should grant Vida Plaintiffs' request to protect the identities of the purchasers as purchaser information is highly sensitive to Vida Plaintiffs' business and public disclosure of such information would cause competitive harm to Vida Plaintiffs. *Id.* ¶ 5. The information relates specifically to confidential and private sale agreements negotiated between Vida Plaintiffs and third parties concerning certain life insurance policies. *Id.* Vida Plaintiffs do not disclose to the public the business methods and strategies concerning the sale and management of their life insurance business, including those relating to the identification of counterparties to sales agreements. *Id.* ¶ 6. Public disclosure of those details would allow Vida Plaintiffs' competitors to have an inside look at Vida Plaintiffs' business decisions concerning their sale and management of life insurance policies. *Id.* Vida Plaintiffs would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.* Purchaser information is "sensitive and proprietary information" that should be protected from public disclosure. *See Awestruck Mktg. Grp.*, LLC, 2016 WL 8814349, at *2.

Moreover, public disclosure of purchaser information may also have a chilling effect on future purchasers' desire to do business with Vida and its funds. Kirkwood Decl. ¶ 7. Vida Plaintiffs are also under an obligation to keep this information confidential under the terms of the purchase and sale agreements they entered into with the purchasers. *Id.* ¶ 8.

The redacted portions of the excerpts of the deposition transcript and interrogatory responses described above are narrowly tailored and thus would not frustrate the public's interest in maintaining the accessibility of court records. Indeed, any member of the public interested in this lawsuit can easily ascertain anything relevant to the case, and most of the specifics, by viewing the unredacted remainder of the documents. Sealing the specified portions of the documents will therefore not impede the public's ability to access and understand the case. As serious injury will result if the information is disclosed and sealing the redacted portions of the documents is the only way to effectively prevent the substantial harm that would be risked by

public disclosure, the interest in secrecy outweighs presumption of public access.  *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649.

For the foregoing reasons, Vida Plaintiffs respectfully request that the Court grant this motion and permit filing Exhibits 14, 21, and 22 to LaSalle Declaration in redacted form attached as Exhibits A, B, and C to this motion.

Dated:  January 4, 2022                                         Orrick, Herrington & Sutcliffe LLP


                                                                 By:  */s/ Khai LeQuang*
                                                                    Khai LeQuang
                                                                    klequang@orrick.com
                                                                    2050 Main Street
                                                                    Suite 1100
                                                                    Irvine, CA 92614-8255
                                                                    Tel: (949) 567-6700

                                                                    *Attorneys for Plaintiffs*