**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
WELLS FARO BANK, NATIONAL
ASSOCIATION, as securities intermediary for
VICOF II TRUST and VIDA LONGEVITY FUND,
LP; and PF PARTICIPATION FUNDING TRUST,

                         Plaintiffs,

    v.

JOHN HANCOCK LIFE INSURANCE COMPANY
OF NEW YORK,
                         Defendant.

Index No. 19-cv-11093 (AKH)

---

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
LIFE ASSETS TRUST II S.A. DELAWARE TRUST;
VIDAQUANT SUBFUND DELAWARE TRUST;
VIDA INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP; WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for VICOF II TRUST, VIDA
LONGEVITY FUND, LP, LIFE ASSETS TRUST II
S.A. DELAWARE TRUST, VIDAQUANT
SUBFUND DELAWARE TRUST, and VIDA
INSURANCE FUND II SERIES INTERESTS OF
THE SALI MULTI-SERIES FUND, LP; DLP
MASTER TRUST; DLP MASTER TRUST II; GWG
DLP MASTER TRUST LIFE FUNDING TRUST; PF
PARTICIPATION FUNDING TRUST; and PALM
BEACH SETTLEMENT COMPANY,

                         Plaintiffs,

    v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),

                         Defendant.

EFG BANK AG, CAYMAN BRANCH; and WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for EFG BANK AG,
CAYMAN BRANCH,

                              Plaintiffs,

         v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),

                              Defendant.

---

YURIY DAVYDOV, on behalf of himself and others          Civil Action No.      18-cv-09825-AKH
similarly situated,

                              Plaintiff,

         -against-

JOHN HANCOCK LIFE INSURANCE COMPANY
OF NEW YORK and JOHN HANCOCK LIFE
INSURANCE COMPANY (U.S.A.)

                              Defendants.

**DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) AND
DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL DOCUMENTS
FILED IN CONNECTION WITH DEFENDANTS' SUMMARY JUDGMENT MOTION**

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "Defendants") respectfully request leave to file under seal or in redacted form certain documents submitted in connection with Defendants' motion for summary judgment.

In each of the above-captioned actions, the parties have executed, and the Court has entered, a Stipulated Confidentiality Agreement and Protective Order for the purpose of "protect[ing] the confidentiality of nonpublic and competitively sensitive information that [the parties] may need to disclose in connection with discovery . . . ." ECF 34 (the "Protective Order")[1] at 1.  Under the Protective Order, "[a]ny party seeking to have Confidential Discovery Material filed with the Court shall file a motion for leave to file under seal in compliance with Rule 4(B)(ii) of the Court's Individual Rules."  Protective Order ¶ 10(b).  "Within twenty-one (21) days after the filing of a motion for leave to file Confidential Discovery Material under seal, any party may file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally sought to be filed under seal."  *Id.* ¶ 11.  Where there is an opposition and reply in support, this deadline is "extended to twenty-one (21) days after the date that any reply brief in further support of the original motion is due."  *Id.*

Pursuant to the terms of the Protective Order, Defendants are seeking leave to file under seal or in redacted form certain documents in connection with their motion for summary judgment. Defendants hereby request continued confidential treatment of the material identified in Exhibit A to the Proposed Order submitted with this motion, which includes:

- Redacted portions of the Expert Report of Timothy C. Pfeifer, dated May 19, 2022, which contain or reflect Defendants' proprietary and confidential pricing parameters,

---

[1] *See also* ECF 33, *Davydov v. John Hancock Life Insurance Company of New York*, Case No. 18-cv-09825. References to the "Protective Order" herein refer to ECF 34 in this Case No. 19-cv-11093, though the terms of the protective order in *Davydov* cases are not materially different.

1

projections, and analysis of product performance and profitability, and confidential communications from a state regulatory agency;

- Redacted portions of Exhibit 6 to the Deposition of Tony Teta, bearing beginning Bates number JH_LEONARD_000000498, which contain or reflect Defendants' proprietary and confidential pricing parameters, projections, and analysis of product performance and profitability;

- Redacted portions of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment; and

- Redacted portions of Defendants' Rule 56.1 Statement of Undisputed Material Facts.

As set forth in the accompanying declaration of Zahir Bhanji, the particular contents at issue in these documents (for convenience, "the Confidential Information") is commercially sensitive, and should remain under seal.

Separately, Defendants are also filing under seal certain other documents, identified in Exhibit B to the Proposed Order, which Plaintiffs designated as Confidential Discovery Material under the Protective Order.  While Defendants are filing those documents under seal in compliance the Protective Order, Defendants are not seeking continued confidential treatment of those documents, with one exception.[2]  Under the Protective Order, those documents should remain under seal for twenty-one days after the date that any reply brief in further support of the summary judgment motion is due to provide Plaintiffs an opportunity to move for continued sealing. Protective Order ¶¶ 11-12.

## LEGAL STANDARD

While court records enjoy a presumption of openness to public inspection, that presumption is "rebuttable upon demonstration that suppression is essential to preserve higher values and is

---

[2] With respect to one of the documents identified in Exhibit B, the Expert Report of Larry Stern, Plaintiffs' actuarial expert, Defendants will meet and confer with Plaintiffs for the purpose of determining an agreed set of redactions consistent with the legal standards for sealing and Rule 4 of the Court's individual practice rules.  Defendants intend to seek continued confidential treatment of certain excerpts of Mr. Stern's report and will move to seal those excerpts within the time-period allotted under the Protective Order.

narrowly tailored to serve that interest."  Rule 4(A), Individual Rules of the Honorable Alvin K. Hellerstein, S.D.N.Y. (quoting *The Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004).  To resolve a party's motion to keep certain "judicial documents" under seal, courts consider and balance (i) "the weight of the presumption of [public] access" against (ii) any "countervailing factors" including "the privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (quotations omitted).

As the Second Circuit has instructed, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  Generally, the information at issue "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."  *Id.* (quoting *Amodeo*, 71 F.3d at 1049).  "[T]he presumption of access is less" where the "confidential information does not go to the heart of the judicial process" because it is "not central to the Court's rulings and [would] not require[] the Court to redact any portion" of its eventual ruling.  *Mullinix v. Mount Sinai Sch. of Med.*, No. 12 Civ. 8659, 2014 WL 3687217, at *21 (S.D.N.Y. July 24, 2014).

After determining the weight of the presumption of access, the court must "balance competing considerations against it," including a party's privacy interests in maintaining information under seal.  *Lugosch*, 435 F.3d at 120 (quotations omitted).  "In determining the weight to be accorded an assertion of a right of privacy, courts should . . . consider the degree to which the subject matter is traditionally considered private rather than public," as well as "the sensitivity of the information and the subject."  *Amodeo*, 71 F.3d at 1051.  "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development

3

information, marketing plans, revenue information, pricing information, and the like." *Grayson v. Gen. Elec. Co*., No. 3:13CV1799 (WWE), 2017 WL 923907, at *1, 3 (D. Conn. Mar. 7, 2017) (quotations omitted) (granting motion to seal as to "the documents or information relevant to pricing, sales and profit"); *see also Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (Carter, J.) (granting sealing over sensitive business information); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018).  This Court has explained that "[n]on-public data of this nature is sensitive and potentially damaging if shared with competitors." *Tyson Foods, Inc.*, 2020 WL 5819864, at *2 (quotations omitted).

## ARGUMENT

The Confidential Information identified in Exhibit A to the Proposed Order should remain under seal because the strong privacy interest Defendants have in preventing disclosure of their proprietary, competitively sensitive information—which includes information related to the pricing, modeling, design, and profitability of their inforce life insurance policies—outweighs the weak presumption of public access to such information.

## I.  The Confidential Information Is Commercially Sensitive and Disclosure Would Materially Injure Defendants' Business.

"Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050).  In evaluating an asserted privacy interest by a party seeking to seal confidential information, courts consider both (i) "the degree to which the subject matter is traditionally considered private rather than public" and (ii) the "nature and degree of injury" that may flow from disclosure.  *Amodeo*, 71 F.3d at 1051.  "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Id.*

4

For that reason, "courts will commonly grant a company's request for sealing of 'proprietary business information, such as internal analyses'" or "'business strategies'" when "disclosure of that information could 'provide competitors with an unearned advantage.'" *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (Swain, J.) (quoting *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020)); *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain . . . confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

As described in the Declaration of Zahir Bhanji submitted with this motion, the Confidential Information that Defendants ask the Court to keep under seal here is precisely the type of commercially sensitive, proprietary business information that is "traditionally considered private rather than public." *See, e.g. W.J. Deutsch & Sons Ltd.*, 2022 WL 890184, at *3 (sealing documents related to "pricing lists" and "marketing strategies"); *Grayson*, 2017 WL 923907, at *3 (sealing "information relevant to pricing, sales and profit"). The Confidential Information consists of non-public, commercially sensitive, and proprietary information that goes to the very heart of John Hancock's business, including the proprietary actuarial assumptions used in the pricing and valuation of John Hancock's business. Bhanji Decl. ¶ 3. This information is highly sensitive. Life insurance companies compete with one another in large part through the manner in which they structure and price their products. If John Hancock's competitors were able to obtain detailed information concerning John Hancock's proprietary actuarial assumptions and pricing methodologies, which it expends significant time and resources to develop, those competitors could use that information to price their competing life insurance products in a manner that would

undercut John Hancock's competitive position and lure away prospective customers. *Id.* ¶ 4. Disclosure could also substantially impair John Hancock's bargaining position when negotiating reinsurance coverage with its reinsurers, making any reinsurance obtained by John Hancock—and John Hancock's reinsured products—more expensive relative to competitors for which reinsurers do not have access to similar information. *Id.* These types of competitive disadvantages weigh heavily in favor of sealing. *See Amodeo*, 71 F.3d at 1051; *W.J. Deutsch & Sons Ltd.*, 2022 WL 890184, at *2; *Grayson*, 2017 WL 923907, at *3; *Kewazinga Corp.*, 2021 WL 1222122, at *3.

## II.    Defendants' Proposed Redactions Are Narrowly Tailored.

Defendants' proposed redactions, as listed on Exhibit A to the Proposed Order, are narrowly tailored to protect disclosure of sensitive Confidential Information, and will not prevent the public from being able to fully appreciate the parties' arguments from the balance of the materials on the docket. Defendants propose only minimal redactions to the memorandum of law and Rule 56.1 statement of undisputed facts in support of the motion for summary judgment.[3] And Defendants likewise propose only targeted redactions to the expert witness reports and other documents submitted in support of their motion. For example, Defendants propose only minimal redactions to Teta Deposition Exhibit 6, the Performance UL Inforce Readjustment Memorandum, limited to only the specific actuarial assumptions reflected in certain charts and specific information reflecting confidential reinsurance agreements, and not the broader descriptions of, among other things, the impetus for the readjustment, the methodology Defendants used, risk assessment, and product design. *See* Proposed Order, Exhibit A. Redacting the specific Confidential Information that  Defendants seek to protect does not impede the public's

---

[3] Nearly all of the redactions in the memorandum of law and the Rule 56.1 statement concern information designated confidential *by Plaintiffs* as listed on Exhibit B to the Proposed Order. *Defendants'* set of proposed redactions, as listed on Exhibit A, are much narrower.

understanding of Defendants' summary judgment arguments, which remain intact in the briefs themselves.  Allowing these limited redactions will, however, prevent competitors from learning information from which they could obtain an unearned competitive advantage.  Bhanji Decl. ¶¶ 4-5.  Defendants' other proposed redactions similarly will not obscure the parties' legal or factual arguments or cause the Court to redact any portion of its eventual ruling. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013) (upholding sealing based on "the degree of judicial reliance on the document in question" and whether document "would materially assist the public in understanding the issues before the district court, and in evaluating the fairness and integrity of the court's proceedings").

## CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court grant this motion for leave to file documents under seal and enter the Proposed Order submitted herewith.

Dated: September 13**,** 2022

/s/  *John F. LaSalle*
Alan B. Vickery
John F. LaSalle III
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

Jack Wilson
Joseph F. Kroetsch
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.: (914) 749 8200
Fax: (914) 749-8300

*Attorneys for Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*

7