**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>              Plaintiffs,<br><br>     v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>              Defendant. | Index Nos.<br>19-cv-11093 (AKH) |
| EFG BANK, AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>              Plaintiffs,<br><br>     v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A),<br><br>              Defendant. | |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST; LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY | |

Plaintiffs,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A),

Defendants.

**<u>ORDER</u>**

The Court has reviewed you letter of January 20, 2023.  All the subjects you outline may be discussed.  I give you these thoughts:

1.   There need be no extended discussions of stipulations.  Generally, if a stipulation cannot be readily agreed to, or if a witness will be explaining the facts subsumed in a stipulation, it is not worth pursuing.

2.  Each side should propose voir dire and jury instructions, but only on matters unique to this case.  I do not believe in agreed instructions.

3.  Potential conflicts of law issues should be briefed, and I should be informed of the implications for admissible facts and jury instructions.

4.  If there is a good faith question about the admissibility of an exhibit, it should not be used in openings.

5.  Opening statements should not be lengthy.  Their intention should not be to persuade, but to provide context for the evidence expected to be presented.

SO ORDERED.

 Dated: January 23, 2023                         ___/s/ Alvin K. Hellerstein___

                                                 ALVIN K. HELLERSTEIN

                                                 United States District Judge