IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>     Plaintiffs,<br> v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br>     Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br><br>     Plaintiffs,<br> v.<br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>     Defendant. | |

EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,

                        Plaintiffs,

   v.

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),

                        Defendant.

# DEFENDANTS' MEMORANDUM OF LAW ISO MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE REASONABLENESS OF REDETERMINATION ASSUMPTIONS

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "Defendants" or "John Hancock") respectfully move this Court for an order *in limine* precluding Plaintiffs from offering evidence or arguments regarding the reasonableness of the assumptions used by John Hancock for the redetermination of cost of insurance ("COI") rates on the Performance UL policies at issue in this action ("COI Redetermination," and the assumptions used by John Hancock for the COI Redetermination, the "Redetermination Assumptions").

This case concerns whether the COI Redetermination complied with the terms of the Performance UL contracts—contractual language that makes no reference to the reasonableness of assumptions used in the redetermination of COI rates. Nevertheless, between the more than 4,900 exhibits on Plaintiffs fifth amended exhibit list, Ex. B, Plaintiffs' Fifth Amended Exhibit List, Plaintiffs' designations of deposition testimony, and Plaintiffs' witness list, it is clear Plaintiffs seek to introduce myriad evidence and arguments regarding the purported "reasonableness" of the

1

Redetermination Assumptions—as adjudged by their actuarial expert in hindsight—in an effort to rewrite the policies that they acquired with full knowledge of the policies' terms by retroactively reading into the policy forms requirements those policy forms unambiguously do not contain. Such evidence is not relevant to Plaintiffs' narrow breach of contract claim, is likely to confuse the issues for and mislead the jury, unfairly prejudices John Hancock, and needlessly wastes time. Accordingly, the Court should preclude from trial such evidence and arguments concerning the reasonableness of the Redetermination Assumptions pursuant to Federal Rules of Evidence 401, 402, and 403.[1]

## BACKGROUND

The crux of Plaintiffs' breach of contract claim—and, thus, this case—is whether John Hancock's COI Redetermination was "based on" ***John Hancock's*** expectations of future experience. The policy provisions that Plaintiffs assert John Hancock breached appear in two policy forms on which the Performance UL Products were issued.[2] The 03PERUL policy form states, in relevant part:

> The Applied Monthly Rates will be ***based on <u>our</u> expectations of future investment earnings, persistency, mortality, expense and reinsurance costs and future tax, reserve and capital requirements*** …. Any change in the Applied Monthly Rates for the Basic Sum Insured or for the Additional Sum Insured will be made on a uniform basis for Insureds of the same sex, Issue Age, and premium class, including smoker status, and whose policies have been in force for the same length of time (emphasis added).

*See, e.g.*, Ex. E, DX C, JH_LEONARD_000011149 at -164. The 06PERFUL policy form states, in relevant part:

> The charge for the Net Amount at Risk is an amount equal to the per dollar cost of insurance rate for that month multiplied by the Net Amount at Risk, and will be ***based on <u>our</u> expectations of future mortality, persistency, investment earnings, expense experience, capital and reserve requirements, and tax assumptions*** …. We review our Cost of Insurance rates from time to time, and may re-determine Cost of Insurance rates at that time on a basis that does not discriminate unfairly within any class of lives insured (emphasis added).

---

[1] Also submitted herewith is the Declaration of Matthew T. Martens in Support of John Hancock's Motions in Limine Nos. 1-11, which attaches all exhibits cited in John Hancock's 11 motions in limine. The exhibits cited herein are cited as "Ex. []."

[2] One of the relevant policy forms refers to "Applied Monthly Rates" whereas the other relevant policy form refers to "Cost of Insurance Rates." For ease of reference and simplicity, John Hancock will refer herein to both as "COI rates."

*See* Ex. F, DX D, JH_LEONARD_000175087 at -109.  As Plaintiffs' counsel has previously admitted, Plaintiffs' additional implied covenant of good faith and fair dealing and conversion claims rise and fall on John Hancock's compliance with the above contractual provisions.  *See* Ex. G, July 21, 2022 Hr'g Tr. at 6:25-7:3 (Plaintiffs' counsel acknowledging all claims in the case are derivative of the breach of contract claim, stating it is "likely" that if Plaintiffs "[lose] on the breach of contract, [they] lo[]se everything").

The word "reasonable" appears nowhere in the relevant provisions—a stark contrast to the contractual provisions at issue in other COI-rate litigation.  *See In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F. Supp. 3d 196, 211 (S.D.N.Y. 2022) (provision stating that COI rates would be "based on ***reasonable*** assumptions as to expenses, mortality, policy and contract claims, taxes, investment income, and lapses" (emphasis added)).  And nowhere do the relevant provisions provide any limits on John Hancock's ability to redetermine COI rates "based on" the second guessing in hindsight of the "reasonableness" of the Redetermination Assumptions by an actuarial expert not employed by John Hancock.

Plaintiffs nevertheless have made clear that they intend to offer at trial evidence and arguments concerning the reasonableness of the Redetermination Assumptions.  This includes, among other things:

1. Expert opinion that purports to cast doubt on the reasonableness of the Redetermination Assumptions.[3]

2. Witness testimony concerning the reasonableness of the Redetermination Assumptions.[4]

This evidence—as well as any other evidence or argument concerning the reasonableness of the Redetermination Assumptions that Plaintiffs may seek to offer—should be excluded.

---

[3]   *See* Ex. P, PTX10137, Expert Report of Larry N. Stern ("Stern Report") ¶¶ 211-229.

[4]   *See, e.g.*, Plaintiffs' First Amended Deposition Designations, Faisel Gulamhussein 2021.11.11 Tr. 35:11-12; 35:15-18; 35:21-36:16; 41:10-16; 41:19-42:3; 42:6-15; 42:18-43:1; 43:4-8; 43:9-15; 43:18-44:4; Zahir Bhanji 2021.11.18 Tr. 111:11-112:7; 114:18-21; 115:16-116:7; 116:16-117:4; 129:12-16.

## ARGUMENT

Motions *in limine* "can play an especially important and useful role in a jury trial," particularly where, as here, Plaintiffs are seeking to infuse into an already complicated case irrelevant and unnecessary evidence regarding the reasonableness of the Redetermination Assumptions that is likely to confuse the jury and waste time.  *See Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Insdustrie*, 2015 WL 5459662, at *1 (S.D.N.Y. Sept. 16, 2015); *see also Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 424 (S.D.N.Y. 2004) (Hellerstein, J.) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." (citation omitted)).  The Court should exclude evidence regarding the reasonableness of the Redetermination Assumptions for two reasons.  *First*, such evidence is not relevant to assessing whether John Hancock breached the provisions of its policy forms.  *See* Fed. R. Evid. 401 (defining relevant evidence as that which makes a fact "of consequence" more or less likely).  *Second*, even if the evidence had any probative value (which it does not), it would be "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time."  Fed. R. Evid. 403.

### I.     The Reasonableness Of The Redetermination Assumptions Is Irrelevant To Plaintiffs' Claims

Evidence concerning the reasonableness of the Redetermination Assumptions has no tendency to make a fact of consequence "more or less probable than it would be without the evidence," Fed. R. Evid. 401, and is therefore inadmissible.  *See* Fed. R. Evid. 402; *see also, e.g.*, *Busher v. Barry*, 2019 WL 6895281, at *12 (S.D.N.Y. Dec. 18, 2019) (excluding evidence "not relevant to any issue remaining in this case," including "such testimony as is anticipated" from certain witnesses); *Berger v. New York City Police Dep't*, 2019 WL 6909526, at *4 (S.D.N.Y. Dec. 19, 2019) (excluding as "irrelevant and thus inadmissible" evidence concerning matters "not part of this case").

*First*, evidence regarding the reasonableness of the Redetermination Assumptions is untethered

to any fact of consequence to Plaintiffs' breach of contract claim. Plaintiffs assert that, when John Hancock redetermined COI rates for the Subject Policies in May 2018, it did not base its increased COI rates on John Hancock's expectations of future experience as enumerated in the policy contracts. To succeed on that theory, Plaintiffs must demonstrate that the redetermined COI rates were not "based on" **John Hancock's own** subjective expectations of future experience since the policy forms expressly state that COI rates will be set based on "our" expectations. The term "our" as used in the relevant policy form provisions—"*our* expectations"—is defined in the relevant policy forms to "refer *only* to the Company." *See* Ex. E, DX C, JH_LEONARD_000011149 at -158; *See* Ex. F, DX D, JH_LEONARD_000175087 at -103. Whether the Redetermination Assumptions were "reasonable" has no bearing on the indisputably subjective standard articulated in the policy forms, which speaks to **John Hancock's own** expectations of future experience. Indeed, courts have no authority to rewrite and read into a contract a new reasonableness requirement that is indisputably missing from the contract but that one of the parties wishes in retrospect the contract contained. *See U.S. Fidelity & Guar. Co. v. Annunziata*, 67 N.Y.2d 229, 232 (1986) ("courts should refrain from rewriting the agreement") (citations omitted); *cf. Misano di Navigazione, SpA v. United States*, 968 F.2d 273, 275 (2d Cir. 1992) (stating that if the contract clearly identifies a subjective standard, "the courts should not imply an additional requirement of reasonableness"); Appendix Tables 6 and 7 from Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, Dkt. 189.

To the extent there are contractual constraints on John Hancock's subjective expectations of future experience, those constraints are a function of the implied covenant of good faith and fair dealing. *See Abbit v. ING USA Annuity & Life Ins. Co.*, 252 F. Supp. 3d 999, 1011 (S.D. Cal. 2017) ("The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another."); *see also Security Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 810 (2d Cir. 2014). But the implied covenant is "breached only in a narrow range

of cases" and breach does not turn on whether John Hancock's Redetermination Assumptions were "reasonable." *See Security Plans.*, 769 F.3d at 817-18 (stating that in order to show a breach of the implied covenant, a "plaintiff must show substantially more than evidence that the defendant's actions were negligent or inept"); *see also Nat'l Life & Accident Ins. Co. v. Edwards*, 119 Cal. App. 3d 326, 329 (2d Dist. 1981) (dismissing implied covenant claim on summary judgment due to lack of evidence of "more than negligent conduct on the part of the insurer"). Just as a court may not read into a contract a requirement it does not contain, so too the implied covenant of good faith and fair dealing does not give rise to a new reasonableness requirement that the contract itself does not contain. *See Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 976 F.3d 239, 248 (2d Cir. 2020) ("[U]nder New York law, the covenant of good faith and fair dealing does not give rise to new, affirmative duties on contracting parties."); *cf* Appendix Tables 6 and 7 from Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, Dkt. 189. Accordingly, the law forecloses any argument by Plaintiffs that the reasonableness of John Hancock's Redetermination Assumptions is remotely relevant to any of Plaintiffs' claims.

*Second*, allowing Plaintiffs to offer evidence or arguments regarding the reasonableness of the Redetermination Assumptions would effectively permit them to contradict the policy forms at issue. It is well-settled that evidence contradicting unambiguous contract language is inadmissible. *See Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993) ("[T]he Court cannot consider evidence" that "contradicts the express terms" of a "binding agreement which is unambiguous on its face."). Here, the relevant provisions in the policy forms do not limit John Hancock's ability to redetermine its COI rates if its Redetermination Assumptions were adjudged unreasonable in hindsight by an actuary (like Plaintiffs' actuarial expert) who does not even work for John Hancock—indeed, the word "reasonable" appears nowhere in those provisions. *See supra* at p. 2. The Court should not allow Plaintiffs to rewrite the contractual language by introducing evidence on an issue the policy contracts

6

unambiguously demonstrate is irrelevant.

## II. Evidence Concerning The Reasonableness Of The Redetermination Assumptions Is Unfairly Prejudicial, Confusing, And Likely To Waste Time

Even if evidence concerning the reasonableness of the Redetermination Assumptions were relevant (it is not), whatever little probative value it arguably has would be "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403.

Evidence purporting to show that the Redetermination Assumptions were "unreasonable" could improperly predispose jurors to think negatively of John Hancock regarding a matter that, as described above, has no bearing on the question of whether John Hancock complied with the language of the policy forms, tainting jurors' assessment of the COI Redetermination and eliciting reactions or decisions from jurors based on matters *other than* John Hancock's compliance with the relevant provisions of the policy forms. *See, e.g.*, *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 260 (S.D.N.Y. 2015) (excluding evidence that was likely to lead to "emotional reaction or policy judgment" from jurors that "would have no proper bearing on the discrete and narrow issues left to be tried").

Relatedly, evidence regarding the reasonableness of the Redetermination Assumptions may cause confusion and distract jurors from their ostensible focus: whether John Hancock's COI Redetermination was based on **John Hancock's own** expectations of future experience. *See Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 WL 351827, at *5 (N.D.N.Y. Jan. 14, 2022) (excluding evidence the admission of which would likely "result in an undue waste of time"); *Estate of Mali v. Fed. Ins. Co.*, 2011 WL 2516246, at *2 (D. Conn. June 17, 2011) (excluding evidence where it was "almost certain that allowing such evidence would result in confusion amongst the jury and lead to a wasteful and unnecessary debate regarding" the evidence).

## CONCLUSION

For the foregoing reasons, John Hancock respectfully requests that the Court issue an order

7

precluding Plaintiffs from offering at trial evidence and arguments concerning the reasonableness of the Redetermination Assumptions.

Date: January 27, 2023

/s/ *Matthew T. Martens*
Matthew T. Martens
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

Robert K. Smith (*pro hac vice*)
Yavor Nechev (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109 USA
Tel.: (617) 526-6000
Fax: (617) 526-5000

John F. LaSalle
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York*