# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
WELLS FARO BANK, NATIONAL
ASSOCIATION, as securities intermediary for
VICOF II TRUST and VIDA LONGEVITY FUND,
LP; and PF PARTICIPATION FUNDING TRUST,

                                 Plaintiffs,

        v.

JOHN HANCOCK LIFE INSURANCE COMPANY
OF NEW YORK,
                                Defendant.

Index No. 19-cv-11093 (AKH)

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
LIFE ASSETS TRUST II S.A. DELAWARE TRUST;
VIDAQUANT SUBFUND DELAWARE TRUST;
VIDA INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP; WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for VICOF II TRUST, VIDA
LONGEVITY FUND, LP, LIFE ASSETS TRUST II
S.A. DELAWARE TRUST, VIDAQUANT
SUBFUND DELAWARE TRUST, and VIDA
INSURANCE FUND II SERIES INTERESTS OF
THE SALI MULTI-SERIES FUND, LP; DLP
MASTER TRUST; DLP MASTER TRUST II; GWG
DLP MASTER TRUST LIFE FUNDING TRUST; PF
PARTICIPATION FUNDING TRUST; and PALM
BEACH SETTLEMENT COMPANY,
                                Plaintiffs,

        v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),

                                Defendant.

EFG BANK AG, CAYMAN BRANCH; and WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for EFG BANK AG,
CAYMAN BRANCH,

                                        Plaintiffs,

         v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),
                                        Defendant.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
NO. 9 TO PRECLUDE EVIDENCE REGARDING JOHN HANCOCK PRODUCTS
OTHER THAN PLAINTIFFS' PERFORMANCE UL POLICIES**

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance

Company of New York (together, "Defendants" or "John Hancock") respectfully move this Court for

an order *in limine* precluding Plaintiffs from offering any evidence or argument regarding products

other than Plaintiffs' Performance UL policies.

As the Court has ruled previously in the context of a discovery dispute between the Parties,

"different and separate products from the policies at issue … are not relevant to Plaintiffs' claim."  Ex.

Z,  Aug. 20, 2021 Order Regulating Proceedings at 1-2.  To the extent different and separate products

from the policies at issue are not within the scope of permissible discovery, it certainly is not relevant

at trial.  *See, e.g.*, *Pray v. New York City Ballet Co*., 1997 WL 317411, at *2 (S.D.N.Y. June 11, 1997)

("'[R]elevance' for purposes of discovery is broader than 'relevance' for purposes of trial.").  Yet

despite the lack of relevance of evidence concerning different and separate products from the policies

at issue, Plaintiffs' exhibit list and designations of deposition testimony make clear that Plaintiffs

intend to introduce irrelevant evidence regarding products that Plaintiffs do not own: specifically,

evidence concerning the Majestic Performance UL and Performance UL 09.  That irrelevant evidence will only confuse the issues in this case, waste the jury's time, and unfairly prejudice Defendants. Accordingly, such evidence and argument must be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.[1]

## BACKGROUND

As this Court and Plaintiffs have recognized, this is a breach of contract case about policies issued on two specific policy forms.  Plaintiffs claim that John Hancock breached the unambiguous terms of certain Performance UL policies by increasing cost of insurance or "COI" rates (the "COI Redetermination") in an unfairly discriminatory manner and based on considerations other than the expectations of future experience specified in the contracts.  *See* Plaintiffs' Second Amended and Consolidated Complaint (Dkt. 179) at ¶¶ 4, 51.  The policy provisions that Plaintiffs assert that John Hancock breached appear in two policy forms on which the Performance UL Products were issued.[2] The 03PERUL policy form states, in relevant part:

> The Applied Monthly Rates will be **based on *our* expectations of future investment earnings, persistency, mortality, expense and reinsurance costs and future tax, reserve and capital requirements** …. Any change in the Applied Monthly Rates for the Basic Sum Insured or for the Additional Sum Insured will be made on a uniform basis for Insureds of the same sex, Issue Age, and premium class, including smoker status, and whose policies have been in force for the same length of time.

*See, e.g.*, Ex. E, DX C, JH_LEONARD_000011149 at -164 (emphasis added).  The 06PERFUL policy form states, in relevant part:

> The charge for the Net Amount at Risk is an amount equal to the per dollar cost of insurance rate for that month multiplied by the Net Amount at Risk, and will be **based on *our* expectations of future mortality, persistency, investment earnings, expense experience, capital and reserve requirements, and tax assumptions** …. We review our Cost of Insurance rates from time to time, and

---

[1]     Also submitted herewith is the Declaration of Matthew T. Martens in Support of John Hancock's Motions *in Limine* Nos. 1-11, which attaches all exhibits cited in John Hancock's 11 motions *in limine*.  The exhibits cited herein are cited as "Ex. []."

[2]     One of the relevant policy forms refers to "Applied Monthly Rates" whereas the other relevant policy form refers to "Cost of Insurance Rates."  For ease of reference and simplicity, John Hancock will refer herein to both as "COI rates."

> may re-determine Cost of Insurance rates at that time on a basis that does not
> discriminate unfairly within any class of lives insured.

*See* Ex. F, DX D, JH_LEONARD_000175087 at -109 (emphasis added).  As Plaintiffs' counsel has previously admitted, Plaintiffs' additional implied covenant of good faith and fair dealing and conversion claims rise and fall on John Hancock's compliance with the above contractual provisions. *See* Ex. G, July 21, 2022 Hr'g Tr. at 6:25-7:3 (Plaintiffs' counsel acknowledging all claims in the case are derivative of the breach of contract claim, stating it is "likely" that if Plaintiffs "[lose] on the breach of contract, [they] lo[]se everything").

Although the Court has explicitly stated that other evidence regarding other products, such as Majestic Performance UL and Performance UL 09, "are different and separate products from the policies at issue, and as such … are not relevant to Plaintiffs' claim,"  ECF No. 70, Plaintiffs have made clear that they intend to introduce evidence related to these irrelevant products issued on different policy forms.  *See* Ex. AA, PTX 10875, JH37LAR_0100430 at -438 (showing Majestic Performance UL was issued on the 06MAJPUL policy form, not the 03PERUL or 06PERFUL forms); Ex. BB, PTX 10007, JH_LEONARD_000126640 at -646 (showing Performance UL 09 was issued on the 09PERFUL policy form, not the 03PERUL or 06PERFUL forms)] Specifically, among the more than 4,900 exhibits that still remain on Plaintiffs' Fifth Amended Exhibit List, Plaintiffs intend to introduce:

1. Communications regarding the pricing assumptions and mortality tables for Majestic Performance UL.[3]

2. Communications and other documentation regarding Performance UL 09.[4]

---

[3]     *See, e.g.*, PTX10319, PTX10393, PTX10394, PTX10538, PTX10873, PTX10874, PTX10875, PTX10876, PTX10878, PTX10879, PTX10880, PTX10881, PTX10883, PTX10884, PTX10885, PTX10886, PTX10887, PTX10888.

[4]     *See, e.g*., PTX10007, PTX10342, PTX10355, PTX10356, PTX10357, PTX10372, PTX10467, PTX10573, PTX10696, PTX10836, PTX10842, PTX10968.  While John Hancock did increase COI rates on Performance UL 09, Plaintiffs do not own any Performance UL 09 policies.

3.  Deposition testimony regarding pricing determinations for Performance UL 09.[5]

*See* Ex. B, Plaintiffs' Fifth Amended Exhibit List.  None of this evidence is relevant and whatever

relevance it may have is far outweighed by its prejudicial effect.

## ARGUMENT

Motions *in limine* "can play an especially important and useful role in a jury trial," particularly

where, as here, Plaintiffs seek to infuse into an already complicated case irrelevant evidence regarding

products not owned by Plaintiffs that are likely to confuse the jury and waste time.  *See Luitpold Pharm.,*

*Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Insdustrie*, 2015 WL 5459662, at *1 (S.D.N.Y. Sept.

16, 2015); *see also Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 424

(S.D.N.Y. 2004) (Hellerstein, J.) ("The purpose of a motion in limine is to allow the trial court to rule

in advance of trial on the admissibility and relevance of certain forecasted evidence").  Evidence

regarding products that Plaintiffs do not own is just such evidence.  The Court should exclude it.

*First*, evidence regarding products other than those owned by Plaintiffs is irrelevant.  At issue

at trial is whether John Hancock breached two policy forms on which were issued policies owned by

Plaintiffs.  Neither Majestic Performance UL nor Performance UL 09 were issued on those policy forms.

*See* Ex. AA, PTX 10875, JH37LAR_0100430 at -438 (showing Majestic Performance UL was issued

on the 06MAJPUL policy form, not the 03PERUL or 06PERFUL forms); Ex. BB, PTX 10007,

JH_LEONARD_000126640 at -646 (showing Performance UL 09 was issued on the 09PERFUL policy

form, not the 03PERUL or 06PERFUL forms).  Whether John Hancock breached those separate policy

forms—or any conduct John Hancock undertook with respect to those policy forms—has no bearing on

whether John Hancock breached Plaintiffs' Performance UL policies.  *Cf. Global Ent., Inc. v. New York*

---

[5]      *See, e.g.*, Plaintiffs' First Amended Deposition Designations, Stephen O'Brien Testimony Designations 144:13-
145:7; 145:17-146:1 150:4-12; 185:14-185:19, 185:22-186:1; 208:12-208:21; 219:19-220:4; 232:7-232:16; 233:5-234:15;
240:11-19; 250:24-251:6

*Tel. Co.,* 2000 WL 1672327, at *4 (S.D.N.Y. Nov. 6, 2000) ("[F]ailure to perform on a different contract is not relevant … to performance on the contract at issue."); *Liberty Mut. Fire Ins. Co. v. J.&S. Supply Corp.,* 2015 WL 13649824, at *8 (S.D.N.Y. June 29, 2015) (holding the terms of an insurance policy not at issue "are not relevant in determining the parties' rights and obligations" under a separate policy).

*Second*, evidence regarding John Hancock's conduct with respect to products not owned by Plaintiffs will only confuse the issues for the jury, waste time, and risk eliciting reactions or decisions from jurors based on matters *other than* John Hancock's conduct regarding the specific products at issue.  To the extent the jury hears evidence regarding what John Hancock may or may not have done regarding products not owned by Plaintiffs, the jury may substitute its irrelevant judgments regarding John Hancock's conduct with respect to irrelevant products for its conduct regarding the products owned by Plaintiffs.  *See, e.g.*, *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 260 (S.D.N.Y. 2015) (excluding evidence that was likely to lead to "confusion" and "emotional reaction or policy judgment" from jurors that "would have no proper bearing on the discrete and narrow issues left to be tried").

*Third*, to the extent Plaintiffs introduce irrelevant evidence regarding separate products not at issue, John Hancock will need to expend significant time at trial going through each of the many distinctions between these products.  John Hancock will also need to question witnesses regarding the background and context for decisions regarding these policies to properly situate the jury regarding different contracts.  All this will create substantial waste of the Court's and jury's time and result in mini-trials with respect to policy forms and products that are not at issue.  *See, e.g., Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 WL 351827, at *5 (N.D.N.Y. Jan. 14, 2022) (excluding evidence that would likely cause one party to expend time "expos[ing] [its] weaknesses," "result[ing] in an undue waste of time").

For the foregoing reasons, the Court should exclude from trial evidence regarding products that Plaintiffs do not own, including the Majestic Performance UL and Performance UL 09 Policies, pursuant to Fed. R. Evid. 401, 402, and 403.

## CONCLUSION

For the foregoing reasons, John Hancock respectfully requests that the Court issue an order precluding Plaintiffs from introducing any evidence or argument regarding products other than those owned by Plaintiffs.

Date: January 27, 2023

*/s/ Matthew T. Martens*
Matthew T. Martens
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

Robert K. Smith (*pro hac vice*)
Yavor Nechev (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109 USA
Tel.: (617) 526-6000
Fax: (617) 526-5000

John F. LaSalle
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York*