IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | |

|                                                                                                                                                |   |
|---|---|
| Defendant. | |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF KHAI LEQUANG IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE***

Pursuant to Rule 4.A and 4.B.ii of this Court's Individual Rules of Practice ("Rules"), Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned case (ECF No. 34) ("Protective Order"), and applicable law, Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Funds"); EFG Bank AG, Cayman Branch ("EFG"); Wells Fargo Bank, National Association, solely as securities intermediary for the Vida Funds and EFG; DLP Master Trust, DLP Master Trust II, GWG DLP Master Trust, Life Funding Trust, PF Participation Funding Trust, and Palm Beach Settlement Company (collectively, "EAA Plaintiffs," and together with the Vida Funds and EFG, "Plaintiffs"), respectfully request that the Court authorize the sealing of: (1) Exhibits 65, 66, 73, and 76 to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine* ("LeQuang Declaration"); (2) portions of

1

Exhibits 37, 51, 64, 68, 71, 72, 74, and 75 to the LeQuang Declaration; and (3) portions of Plaintiffs' Motions *in Limine* Nos. 1, 5, and 6.

Plaintiffs further respectfully request leave to file under seal or in redacted form certain documents submitted as exhibits to the LeQuang Declaration, identified in Appendix A to the Proposed Order Granting Plaintiffs' Motion to Seal Certain Exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine*, that have been designated as "Confidential" by Defendants John Hancock Life Insurance Company (U.S.A.) ("JHUSA") and John Hancock Life Insurance Company of New York ("JHNY," and together with JHUSA, "John Hancock" or "Defendants") under the Protective Order. As required by the Rules and the Protective Order, Plaintiffs met and conferred with opposing counsel to narrow the scope of this request.

**I.  Documents Concerning Plaintiffs' Confidential and Proprietary Information**

Courts have long recognized the common law public "right of access" to judicial records, but they have also cautioned that this right of access "is not absolute." *See, e.g.*, *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *U.S. v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017); *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1 (W.D.N.Y. Mar. 29, 2005). The presumption of public access to judicial documents must be balanced against countervailing factors, such as whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (keeping under seal a client list that "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff"); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL

1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (authorizing the redaction of "highly proprietary material"). Here, the weak presumption of public access to irrelevant information is outweighed by Plaintiffs' interest in maintaining the confidentiality of certain non-public, commercially sensitive, and proprietary information, the disclosure of which would cause Plaintiffs competitive harm. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding the defendants' interest in protecting the confidentiality of proprietary material outweighed the presumption of public access).

### A. Excerpts of Expert Report of Timothy C. Pfeifer

Exhibit 37 to the LeQuang Declaration is the Expert Report of Timothy C. Pfeifer, dated May 19, 2022 ("Pfeifer Report"). Plaintiffs are seeking sealing of paragraphs 292-293, the footnotes thereto, and the portions of Table V relating to the Vida Funds, EFG, the EAA Plaintiffs, and All Plaintiffs Combined. These portions of the Pfeifer Report include Mr. Pfeifer's analysis of Plaintiffs' life expectancies used in Plaintiffs' valuation of their life insurance policies. Declaration of Stephen Kirkwood in Support of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Seal Certain Exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine* ("Kirkwood Decl.") ¶ 3; Declaration of Tobias Schmelz in Support of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Seal Certain Exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine* ("Schmelz Decl.")[1] ¶ 3; Declaration of Tobias Tillmann in Support of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Seal Certain Exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine* ("Tillmann Decl.") ¶ 3. Plaintiffs' valuations incorporate Plaintiffs' confidential and proprietary life expectancy figures, the public

---

[1] Mr. Schmelz resides in Switzerland and was unavailable to execute his declaration prior to this filing. Plaintiffs will file the executed Schmelz Declaration as soon as it is available.

disclosure of which would provide Plaintiffs' competitors with detailed information regarding some of the most sensitive and essential aspects of Plaintiffs' life settlement businesses. Kirkwood Decl. ¶ 3; Schmelz Decl. ¶ 3; Tillmann Decl. ¶¶ 4-5. Public disclosure of this information would reveal details regarding Plaintiffs' valuation and life expectancy methodologies, which are proprietary and therefore not publicly disclosed. Kirkwood Decl. ¶ 3; Schmelz Decl. ¶ 3; Tillmann Decl. ¶¶ 4-5. In addition, the Vida Funds, which are still actively trading in the life settlement market, would risk serious harm if this information was disclosed, as it would give their competitors an unfair advantage in transactions with the Vida Funds by providing inside information concerning how the Vida Funds price and value their assets. Kirkwood Decl. ¶ 3. The serious risk of competitive harm to Plaintiffs that would result from disclosure of this information outweighs the presumption of public access. *See Awestruck Mktg.*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

  **B. Confidential EFG Memorandum**

  Exhibit 66 to the LeQuang Declaration is a May 25, 2015 memorandum to the EFG International AG ("EFGI") Board Risk Committee regarding EFG's internal and proprietary valuation models used for EFG's life insurance portfolios, which include policies issued by different carriers that are not at issue in this case. *See* Schmelz Decl. ¶ 4. Public disclosure of information in Exhibit 66 would substantially harm EFG by disclosing to its competitors detailed information regarding extremely sensitive aspects of EFG's life settlement business, including EFG's proprietary valuation methodology, risk management concerns, and other highly sensitive information that EFG is extremely careful to protect from disclosure. *Id.* Therefore, the harm to EFG that would result from disclosure outweighs the presumption of public access. *See Awestruck Mktg.*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

### C. Confidential Vida Documents Regarding Transactions with Third Parties

Several exhibits to the LeQuang Declaration reflect the Vida Funds' transactions with counterparties and should be sealed. First, Exhibits 68 and 71 to the LeQuang Declaration are confidential purchase and sale agreements ("PSAs"), dated October 23, 2020, between the Vida Funds and third parties concerning the Vida Funds' transactions involving certain life insurance policies, including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation. Kirkwood Decl. ¶ 7. The PSAs are not publicly available, and they contain provisions that prohibit their disclosure to third parties. *Id*. They also are not identical form contracts. *Id*. They contain unique information specific to each transaction and each counterparty. *Id.*

Second, Exhibits 72, 75, and 76 to the LeQuang Declaration all concern the Vida Funds' transactions involving certain life insurance policies, including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation. Kirkwood Decl. ¶ 8. Exhibit 72 to the LeQuang Declaration is a confidential email between the Vida Funds and third parties concerning the Vida Funds' transactions involving certain life insurance policies, including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation. Exhibit 75 to the LeQuang Declaration is internal correspondence regarding a transaction involving certain life insurance policies, including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation (Exhibits 72 and 75 together, "Business Correspondence"). *Id.* Exhibit 76 to the LeQuang Declaration is an internal memorandum from Vida's Asset Management Team to Vida's Accounting Department dated January 14, 2019, that is not publicly available (the "Purchase Price Memorandum"). *Id.* The memorandum concerns the Vida Funds' transactions involving certain life insurance policies,

including policies issued by life insurance carriers other than John Hancock that are not at issue in this litigation. *Id.*

The Vida Funds tailor their request to the most sensitive portions of the foregoing exhibits that merit protection. Those provisions are: (1) the total sale price for each transaction and the sale price of each policy not at issue in this litigation; (2) information regarding life insurance policies not at issue in this litigation; and (3) all information identifying the counterparties, including name, description, and registration number (where applicable) for the counterparties. The public disclosure of those proprietary, highly confidential, and business sensitive portions of these Exhibits would cause serious injury to the Vida Funds and potentially to third parties such as the counterparties. Exhibit 76 has little content that does not fall within the categories of information identified above, and the Vida Funds therefore request sealing in full of Exhibit 76.

The Court should grant the Vida Funds' request to protect the information in these three categories because sale prices, policies not at issue in this litigation, and purchaser information are highly sensitive to the Vida Funds' business and public disclosure of such information would cause competitive harm to the Vida Funds. All of these categories are "sensitive and proprietary information" that should be protected from public disclosure. *See Awestruck Mktg.*, 2016 WL 8814349, at *2. The information relates specifically to the confidential financial and other contractual terms of private sale agreements negotiated between the Vida Funds and third parties concerning certain life insurance policies. Kirkwood Decl. ¶¶ 7-8. The Vida Funds do not disclose to the public the business methods and strategies concerning the sale and management of their life insurance business, including those relating to the financial terms of sale agreements, identification of assets, and identification of counterparties to sales agreements, such as the

information the Vida Funds seek to redact from the PSAs, Business Correspondence, and Purchase Price Memorandum. *Id.* ¶¶ 7-8.

Public disclosure of these details would allow the Vida Funds' competitors to have an inside look at the Vida Funds' business decisions concerning their sale and management of life insurance policies. *Id.* ¶ 7. In particular, public disclosure of this information would reveal the exact pricing of the Vida Funds' life insurance policies. *Id.* ¶¶ 7-8. This would enable entities that are not parties to these private agreements to understand the Vida Funds' sale process and decisions. *See id.* The Vida Funds would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.* ¶ 7. Public disclosure of these details may also have a chilling effect on future counterparties' desire to do business with Vida and its funds. *Id.* ¶ 8.

Moreover, the policies redacted in the PSAs are not policies subject to Defendants' cost of insurance rate increases that are the subject of this litigation and therefore have no relevance to any claim or defense in this case. *See id.* ¶¶ 7-8. The Vida Funds are also under an obligation to keep this information confidential under the terms of the PSAs and applicable privacy laws. *See id.*

The redacted portions of the PSAs, Business Correspondence, and Purchase Price Memorandum described above are narrowly tailored and thus would not frustrate the public's interest in maintaining the accessibility of court records. Indeed, any member of the public interested in this lawsuit can easily ascertain anything relevant to the case, and most of the specifics, by viewing the unredacted remainder of the exhibits. Sealing the specified portions of the documents, including sealing Exhibit 76 in full, will therefore not impede the public's ability

to access and understand the case. As serious injury will result if the information is disclosed, and sealing the redacted portions of the exhibits is the only way to effectively prevent the substantial harm that would be risked by public disclosure, the interest in secrecy outweighs presumption of public access. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649.

### D. Other Confidential Vida Documents Reflecting Sensitive and Proprietary Business and Financial Information

Exhibit 51 to the LeQuang Declaration contains excerpts of the deposition testimony of Adam Meltzer on behalf of the Vida Funds, in which Mr. Meltzer discussed the Vida Funds' confidential relationship with certain life expectancy providers and the proprietary work product received from those providers. Kirkwood Decl. ¶ 4. This life expectancy information is extremely confidential and the Vida Funds are vigilant in protecting it. *Id.* Exhibit 51 also contains the names of the counterparties with whom the Vida Funds transacted. *Id.* As discussed above in connection with the PSAs, these transactions are confidential, and public disclosure may have a chilling effect on future counterparties' desire to do business with Vida and its funds. *Id.* The Vida Funds are also under an obligation to keep the names of the counterparties confidential. *Id.*

Exhibit 64 to the LeQuang Declaration is a PowerPoint presentation that reflects sensitive and proprietary business and financial information related to the Vida Funds' confidential business transactions, management of life insurance policies owned by the Vida Funds, and the Vida Funds' confidential financial, performance, and return data. Kirkwood Decl. ¶ 5. Specifically, Exhibit 64 contains (1) confidential return statistics for Vida's funds; (2) non-public corporate ownership information; (3) proprietary data regarding market competition and Vida's place in the market; (4) Vida's confidential internal financial projections for its life settlement business; (5) historic and proprietary data regarding Vida's policy acquisitions, including

8

proprietary underwriting initiatives, and investment strategies surrounding the same; (6) confidential details regarding internal servicing of assets and pricing of life settlement policies; (7) discussion of Vida's proprietary life expectancy and valuation models and methodology; and (8) fund and portfolio statistics, cash flows, acquisition and optimization data, work, and results. *Id.* Public disclosure of the confidential business and financial information contained in Exhibit 64 would be competitively harmful to the Vida Funds. *Id.* If the confidential business and financial information contained in Exhibit 64 was made public, the Vida Funds' competitors would gain insight into the Vida Funds' confidential business and investment strategies and the Vida Funds' proprietary methodologies used to compete in the market. *Id.* The Vida Funds' competitors would have free access to the Vida Funds' return data, information regarding modeling tools, insight into the Vida Funds' risk management strategies, as well as additional detailed information that could negatively influence sale prices and the Vida Funds' ability to acquire or dispose of assets. *Id.* Upholding confidentiality of this information is critical to the Vida Funds' operations. *Id.*

Exhibit 65 to the LeQuang Declaration is a proprietary mortality experience study performed by a third party that contains a detailed analysis of key aspects of Vida's life settlement business, including confidential analysis regarding Vida's internal proprietary mortality table, third-party life expectancy accuracy, and derivative adjustments. Kirkwood Decl. ¶ 6. The confidential information reflected in this document includes some of the most sensitive aspects of the Vida Funds' business, and the Vida Funds are vigilant in protecting this information and preventing it from being publicly disclosed. *Id.* Public disclosure of this information would therefore allow competitors an inside look into the proprietary methodologies the Vida Funds use to compete in the market, including information concerning how the Vida

Funds price and value their assets. *Id.* Upholding the confidentiality of this information is critical to the Vida Funds' operations. *Id.*

Exhibit 73 to the LeQuang Declaration is an internal memorandum documenting Vida's pricing approaches and risk analysis regarding a potential transaction Vida was evaluating. Kirkwood Decl. ¶ 9. Public disclosure of these details would allow the Vida Funds' competitors to have an inside look at the Vida Funds' business decisions concerning their sale and management of life insurance policies. *Id.* In particular, public disclosure of this information would reveal the exact pricing of the Vida Funds' life insurance policies. *Id.* Combined, this information could allow competitors to reverse engineer Vida's pricing and acquisition methodology. *Id.* The Vida Funds would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.*

Exhibit 74 to the LeQuang Declaration is a Risk Committee Agenda concerning certain transactions Vida was contemplating. Kirkwood Decl. ¶ 10. This agenda contains highly sensitive information about sales price, counterparties that the Vida Funds seek to transact with, and the Vida Funds' valuations of life insurance policies. *Id.* As discussed above, public disclosure of the sale prices, information regarding policies not at issue in this litigation, and counterparty information are highly sensitive to the Vida Funds' business. Public disclosure of such information would cause competitive harm to the Vida Funds that outweighs the presumption of public access. Accordingly, the Vida Funds' sensitive and proprietary business and financial information should be protected from public disclosure through the sealing of the redacted portions of Exhibits 51, 64, and 74, and the sealing of Exhibits 65 and 73 in full. *See Awestruck Mktg.*, 2016 WL 8814349, at *2.

II. **Documents Designated as "Confidential" by John Hancock Under the Protective Order**

Pursuant to the Rules and the Protective Order, Plaintiffs are filing under seal certain documents or portions of documents, that John Hancock designated as "Confidential" under the Protective Order. Those documents are identified in Appendix A to the Proposed Order granting Plaintiffs' Motion to Seal Certain Exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine*. Plaintiffs are filing these documents under seal in compliance with the Protective Order, but Plaintiffs are not seeking continued confidential treatment of these documents. Under the Protective Order, John Hancock has three days to file "a letter explaining the need to seal or redact the materials and whether [John Hancock] intends to make a motion for continued sealing" and 21 days to "file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally sought to be filed under seal." Protective Order, ¶¶ 10, 11. In the present situation where documents are being filed under seal in connection with a motion, "the time period to file a motion seeking continued sealing of the information, or certain parts of the information, originally sought to be filed under seal shall be extended to twenty-one (21) days after the date that any reply brief in further support of the original motion is due." *Id.* ¶ 11.

| | |
|---|---|
| Dated: January 27, 2023 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: _/s/ Khai LeQuang_<br>Khai LeQuang<br><br>Attorneys for Plaintiffs VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUB-FUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; EFG BANK AG, CAYMAN BRANCH; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUB-FUND DELAWARE TRUST, VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP, AND EFG BANK AG, CAYMAN BRANCH; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST; LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; AND PALM BEACH SETTLEMENT COMPANY |