# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
WELLS FARO BANK, NATIONAL
ASSOCIATION, as securities intermediary for
VICOF II TRUST and VIDA LONGEVITY FUND,
LP; and PF PARTICIPATION FUNDING TRUST,

                             Plaintiffs,

       v.

JOHN HANCOCK LIFE INSURANCE COMPANY
OF NEW YORK,
                          Defendant.

Index No. 19-cv-11093 (AKH)

---

VICOF II TRUST; VIDA LONGEVITY FUND, LP;
LIFE ASSETS TRUST II S.A. DELAWARE TRUST;
VIDAQUANT SUBFUND DELAWARE TRUST;
VIDA INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP; WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for VICOF II TRUST, VIDA
LONGEVITY FUND, LP, LIFE ASSETS TRUST II
S.A. DELAWARE TRUST, VIDAQUANT
SUBFUND DELAWARE TRUST, and VIDA
INSURANCE FUND II SERIES INTERESTS OF
THE SALI MULTI-SERIES FUND, LP; DLP
MASTER TRUST; DLP MASTER TRUST II; GWG
DLP MASTER TRUST LIFE FUNDING TRUST; PF
PARTICIPATION FUNDING TRUST; and PALM
BEACH SETTLEMENT COMPANY,
                          Plaintiffs,

       v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),

                          Defendant.

EFG BANK AG, CAYMAN BRANCH; and WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for EFG BANK AG,
CAYMAN BRANCH,

                              Plaintiffs,

      v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),
                              Defendant.

## DEFENDANTS' MEMORANDUM OF LAW ISO MOTION *IN LIMINE* NO. 10 TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING NON-DISAGGREGATED <u>ATTORNEY FEES</u>

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "Defendants" or "John Hancock") respectfully move this Court for an order *in limine* precluding Plaintiffs from offering evidence or argument regarding attorney fees that does not disaggregate the fees incurred seeking to enforce the policy contract as part of Plaintiffs' tortious breach claim from fees incurred in prosecuting Plaintiffs' other claims.

Although this Court has made clear that, at its core, "this is a contract case," *see* Ex. A, Jan. 9, 2023 Status Conference Tr. at 32:10-11, Plaintiffs have insisted on bringing a claim under California law for tortious breach of the implied covenant of good faith and fair dealing in connection with 44 policies they own that were issued in California ("Bad Faith Claim"), *see* Second Amended and Consolidated Complaint (Dkt. No. 179) ("Compl.") ¶¶ 61-68 (specifying the Bad Faith Claim is asserted for "Policies Issued in California"). If successful, Plaintiffs assert they are entitled to attorney fees as compensatory damages under *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985) ("*Brandt* Fees") for the time spent enforcing the policy contract ("*Brandt* Fees"). However, despite *Brandt* and

its progeny making clear that Plaintiffs can only recover as *Brandt* Fees those fees incurred seeking to recover benefits purportedly owed under the policies issued in California—and ***not*** time spent trying to establish bad faith—among the more than 4,900 exhibits that still remain on Plaintiffs' fifth amended exhibit list, Ex. B, Plaintiffs' Fifth Amended Exhibit List, it is clear Plaintiffs intend to introduce at trial evidence of attorney fees that are not specific to the time spent enforcing the policies issued in California.

Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, the Court should preclude Plaintiffs from offering any evidence regarding attorney fees that does not disaggregate the fees incurred to recover benefits purportedly owed under the policies issued in California from fees incurred in proving bad faith and prosecuting Plaintiffs' other claims.[1]

## BACKGROUND

In 1985, California's Supreme Court held that an insured able to prove that an insurance company denied in bad faith a claim for a covered loss is entitled to recover attorney fees incurred ***in enforcing the contract***. *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985). That is because "attorney's fees [incurred to enforce the contract] are an economic loss—damages—proximately caused by the tort." *Id.* However, *Brandt* Fees are limited to amounts "expended in enforcing the policy"; an insured is ***not*** entitled to recover attorney fees "expended in proving the insurer's bad faith." *Pulte Home Corp. v. Am. Safety Indem. Co*., 14 Cal. App. 5th 1086, 1127 (2017).

Plaintiffs' Second Amended and Consolidated Complaint purports to assert their Bad Faith Claim as to 44 policies owned by Plaintiffs that were "[i]ssued in California" ("California Policies"). Compl. ¶¶ 61-68. Plaintiffs assert that John Hancock "den[ied] Plaintiffs the insurance benefits" of the California Policies by increasing the COI rates. *Id.* ¶ 66.

---

[1]      Also submitted herewith is the Declaration of Matthew T. Martens in Support of John Hancock's Motions *in Limine* Nos. 1-11, which attaches all exhibits cited in John Hancock's 11 motions *in limine*. The exhibits cited herein are cited as "Ex. []."

Fatal to Plaintiffs' Bad Faith Claim theory, numerous courts have held—including in cases brought by certain of the Plaintiffs here—that an increase in COI rates is ***not*** a denial of the payout for a covered loss contemplated by *Brandt*. *See, e.g.*, *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co.*, 2020 WL 636907, at *10 (C.D. Cal. Feb. 10, 2020); *Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co.*, 2020 WL 833518, at *11 n.5 (C.D. Cal. Feb. 19, 2020); *LSH CO v. Transamerica Life Ins. Co.*, 2020 WL 5991627, at *7 (C.D. Cal. Sept. 15, 2020). That is because, in the context of life insurance, a covered loss is the death of the insured. *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 95 (S.D.N.Y. 2018) ("[A]n insured cannot maintain a claim for tortious breach of the implied covenant of good faith and fair dealing absent a covered loss."; holding no cause of action for tortious breach of life insurance policy may be asserted when the insured is alive). It is undisputed that Plaintiffs have not asserted that John Hancock has denied coverage for the death of the insured for any of the California Policies owned by Plaintiffs.[2]

Even when *Brandt* Fees are recoverable, numerous courts have held that doing so requires disaggregating fees incurred in seeking to enforcing the policy contract and fees incurred in demonstrating the insurer's bad faith and/or prosecuting other claims. *Brandt*, 37 Cal. 3d at 817-19; *Slottow v. Am. Cas. Co. of Reading, Pennsylvania*, 10 F.3d 1355, 1362 (9th Cir. 1993) ("Because the bank made no effort to segregate its litigation expenses as required by *Brandt*, we affirm the district court's decision not to award fees."); *Celerity Educ. Grp. v. Scottsdale Ins. Co.*, 2019 WL 430497, at *11 (C.D. Cal. Feb. 4, 2019) ("*Brandt* requires that Plaintiff differentiate between recoverable and nonrecoverable fees within the invoices."); *Reed v. Scottsdale Ins. Co.*, 1998 WL 34072536, at *1 (N.D. Cal. 1998) (dismissing a claim for *Brandt* Fees where submitted time sheets did not differentiate

---

[2]     Equally fatal to Plaintiffs' Bad Faith Claim theory is that, as investors in the California Policies, they lack the requisite "special relationship" between insurer and ***insured*** necessary to sustain a tortious breach claim. *See EFG Bank*, 309 F. Supp. 3d at 96 (declining to extend tort claim to institutional investors based in part on absence of a "special relationship"); *see also EFG Bank AG v. Transamerica Life Ins. So.*, 2020 WL 1849493, at *6 (C.D. Cal. Apr. 13, 2020) (same).

between time spent on recoverable and non-recoverable claims).  Aggregate invoices do not suffice.

Despite Plaintiffs' Bad Faith Claim theory having no merit, and despite recovery, if any, of *Brandt* Fees being limited to those incurred in enforcing the California Policies, Plaintiffs intend to offer at trial numerous attorney invoices and tabulations of attorney invoices that do not reflect any such disaggregation.[3]  Making matters worse, various of the invoices are redacted, making it impossible for John Hancock or the Court to even assess to what those invoices relate, or whether or not they are appropriately recoverable *Brandt* Fees.  *See, e.g.*, Ex. CC, PTX 11138, EFG-JH-000065440.   This evidence—and any other evidence or argument regarding attorney fees that does not disaggregate the time incurred enforcing the California Policies—should be excluded.

## ARGUMENT

Motions *in limine* "can play an especially important and useful role in a jury trial," particularly where, as here, Plaintiffs are seeking to infuse into an already complicated case irrelevant and unnecessary evidence regarding attorney fees that is likely to confuse the jury and waste time.  *See Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Insdustrie*, 2015 WL 5459662, at *1 (S.D.N.Y. Sept. 16, 2015); *see also Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 424 (S.D.N.Y. 2004) (Hellerstein, J.) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").

The Court should exclude evidence and argument regarding attorney fees incurred other than for enforcing the California Policies.  *First*, the evidence of attorney fees that Plaintiffs intend to introduce at trial does not reflect the requisite segregation of fees required under *Brandt* and its progeny.  *Second*, evidence regarding attorney fees for claims other than enforcing the California Policies is irrelevant.  *Third*, evidence that does not segregate out fees incurred enforcing the California Policies

---

[3]       *See, e.g.*, PTX11074-PTX11194.

from Plaintiffs' other claims presents a significant "danger of … confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403.

## I.   The Law Requires That Evidence Of *Brandt* Fees Be Sufficiently Disaggregated

Plaintiffs' evidence of attorney fees must be excluded because it fails to differentiate between fees incurred in enforcing the California Policies and fees incurred in prosecuting Plaintiffs' other claims.

As discussed above, to recover *Brandt* Fees, a plaintiff ***must*** disaggregate fees incurred seeking to enforce the policy contract from fees incurred in prosecuting other claims. *See supra* at p. 2. Indeed, courts frequently ***dismiss*** claims for *Brandt* Fees when a plaintiff fails to do so. *See, e.g., Reed*, 1998 WL 34072536, at *1 (dismissing a claim for *Brandt* Fees where time sheets did not differentiate between time spent on recoverable and non-recoverable claims). Here, that requires Plaintiffs to disaggregate (i) what fees were incurred enforcing the policy contract as opposed to their other claims, ***and*** (ii) the time spent enforcing the California Policies from policies issued in other states. That is because plaintiffs are only entitled to *Brandt* Fees if they succeed on their Bad Faith Claim, which is limited to the California Policies. *See* Compl. ¶¶ 61-68 (specifying the Bad Faith Claim is asserted for "Policies Issued in California").

The evidence Plaintiffs intend to introduce at trial in support of their claim for *Brandt* Fees—invoices and tabulations of invoices—in no way disaggregates the fees incurred enforcing the policy contract from the fees incurred prosecuting other claims, let alone distinguishing between fees incurred enforcing the California Policies from fees incurred enforcing policies issued in other states. Rather, the invoices contain general descriptions of work performed—in many instances redacted, which further prohibits the necessary *Brandt* Fees analysis—that are untethered to enforcing the California Policies. *See, e.g.,* Ex. CC, PTX 11138, EFG-JH-000065440 at -441 ███████████████████████ ██████████████████. Unsurprisingly, their tabulations fare no better, merely tabulating "total"

fees incurred without making any effort to identify any portion of the "total" expended on enforcing the California Policies. *See, e.g.,* Ex. DD, PTX 11139, EFG-JH-000065459.

Accordingly, Plaintiffs' evidence of attorney fees must be excluded.

## II.     Evidence And Argument Regarding Attorney Fees Incurred For Anything Other Than Enforcing The California Policies Is Irrelevant

Plaintiffs' evidence of attorney fees that includes attorney fees other than those incurred enforcing the California Policies must also be excluded because it has no tendency to make a fact "of consequence" more or less probable than it would be without the evidence and is therefore inadmissible. *See* Fed. R. Evid. 401, 402; *see also, e.g.*, *Busher v. Barry*, 2019 WL 6895281, at *12 (S.D.N.Y. Dec. 18, 2019) (excluding evidence "not relevant to any issue remaining in this case," including "such testimony as is anticipated" from certain witnesses); *Berger v. New York City Police Dep't*, 2019 WL 6909526, at *4 (S.D.N.Y. Dec. 19, 2019) (excluding as "irrelevant and thus inadmissible" evidence concerning matters "not part of this case").  Evidence of fees incurred for other purposes is not of consequence to this matter because any *Brandt* Fees are ***necessarily*** limited to the attorney fees incurred to enforce the terms of the California Policies—***not*** any fees incurred in trying to establish bad faith or other claims pursued by Plaintiffs, including other claims pertaining to the California Policies.  *See Pulte*, 14 Cal. App. 5th at 1127.  Evidence of any other attorney fees incurred have no evidentiary value at all and should therefore be excluded.

## III.    Evidence And Argument Regarding Attorney Fees Incurred For Anything Other Than Enforcing The Policy Contract For The California Policies Will Confuse The Jury And Waste Time

Permitting Plaintiffs to introduce evidence regarding attorney fees that does not segregate out fees incurred in enforcing the California Policies also presents a significant "danger of … confusing the issues, misleading the jury, undue delay, [and] wasting time."  Fed. R. Evid. 403.

Provided with evidence of attorney fees that does not disaggregate fees incurred in enforcing the California Policies, the jury will have no basis to identify attorney fees that may appropriately be

awarded as *Brandt* Fees. The jury may therefore mistakenly assume that ***all*** attorney fees incurred by Plaintiffs were incurred enforcing the California Policies—awarding Plaintiffs a windfall to which they are not entitled. *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 260, 271 (S.D.N.Y. 2015) (excluding evidence given "capacity of such evidence and lawyer arguments" to "confuse the jury and create unfair prejudice"; excluding evidence that was likely to lead to "confusion" and "emotional reaction or policy judgment" from jurors that "would have no proper bearing on the discrete and narrow issues left to be tried").

Moreover, permitting Plaintiffs to introduce evidence that does not disaggregate fees incurred in enforcing the California Policies will require the Court and John Hancock to expend significant time at trial going through each of the thousands of entries on the invoices of Plaintiffs' counsel to ascertain whether or not the task associated with that line entry was incurred in enforcing the California Policies— a substantial waste of the Court's and jury's time. *See, e.g.*, *Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 WL 351827, at *5 (N.D.N.Y. Jan. 14, 2022) (excluding evidence that would likely "result in an undue waste of time").

## CONCLUSION

For the foregoing reasons, John Hancock respectfully requests that the Court issue an order precluding Plaintiffs from offering evidence or argument regarding attorney fees that does not disaggregate fees incurred enforcing the California Policies from fees incurred in prosecuting Plaintiffs' other claims.

Date: January 27, 2023

/s/ Matthew T. Martens
Matthew T. Martens
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

Robert K. Smith (*pro hac vice*)
Yavor Nechev (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109 USA
Tel.: (617) 526-6000
Fax: (617) 526-5000

John F. LaSalle
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendants John Hancock Life
Insurance Company (U.S.A.) and John Hancock
Life Insurance Company of New York*