## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST, | Index No. 19-cv-11093 (AKH) |

Plaintiffs,

v.

JOHN HANCOCK LIFE INSURANCE
COMPANY OF NEW YORK,

Defendant.

VICOF II TRUST; VIDA LONGEVITY
FUND, LP; LIFE ASSETS TRUST II S.A.
DELAWARE TRUST; VIDAQUANT
SUBFUND DELAWARE TRUST; VIDA
INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP;
WELLS FARGO BANK, NATIONAL
ASSOCIATION, as securities intermediary for
VICOF II TRUST, VIDA LONGEVITY
FUND, LP, LIFE ASSETS TRUST II S.A.
DELAWARE TRUST, VIDAQUANT
SUBFUND DELAWARE TRUST, and VIDA
INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP;
DLP MASTER TRUST; DLP MASTER
TRUST II; GWG DLP MASTER TRUST
LIFE FUNDING TRUST; PF
PARTICIPATION FUNDING TRUST; and
PALM BEACH SETTLEMENT COMPANY,

Plaintiffs,

v.

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

|  | Defendant. |
| --- | --- |

|  |  |
| --- | --- |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH, | |
| Plaintiffs, | |
| v. | |
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 7: TO EXCLUDE EVIDENCE OF VIDA'S SOLD POLICIES**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 2

III.   LEGAL STANDARDS ..................................................................................................... 2

IV.    ARGUMENT .................................................................................................................... 3

       A.    Evidence of the Vida Funds' Sold Policies, Which Are No Longer Part of
             This Litigation, Is Irrelevant and Should Be Excluded Pursuant to Federal
             Rule of Evidence 402 ........................................................................................... 3

       B.    Even If Evidence of the Vida Funds' Sold Policies Has Some Relevance—
             And It Does Not—It Should Be Excluded Under Federal Rule of Evidence
             403 ........................................................................................................................ 6

V.     CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agam v. Gavra,*
   236 Cal. App. 4th 91 (2015) ....................................................................................5

*APL Co. PTE v. Blue Water Shipping U.S. Inc.,*
   592 F.3d 108 (2d Cir. 2010)....................................................................................5

*Green v. Smith,*
   261 Cal. App. 2d 392 (1968) ...................................................................................5

*Losei Realty Corp. v. City of New York,*
   254 N.Y. 41 (1930) ..................................................................................................5

*Palmieri v. Defaria,*
   88 F.3d 136 (2d Cir. 1996).......................................................................................3

*Vega-Ruiz v. Montefiore Med. Ctr.,*
   408 F. Supp. 3d 530 (S.D.N.Y. 2019)..................................................................2, 3

*Williams v. Montgomery,*
   148 N.Y. 519 (1896) ................................................................................................5

**Other Authorities**

Fed. R. Evid. 401 ............................................................................................................2

Fed. R. Evid. 402 ....................................................................................................1, 2, 5

Fed. R. Evid. 403 ....................................................................................................2, 3, 6

Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Funds"); EFG Bank AG, Cayman Branch ("EFG"); Wells Fargo Bank, National Association ("Wells Fargo"), as securities intermediary for the Vida Funds and EFG (in such capacity, "Wells Fargo SI"); DLP Master Trust, DLP Master Trust II, GWG DLP Master Trust, Life Funding Trust, PF Participation Funding Trust, and Palm Beach Settlement Company (collectively, "EAA Plaintiffs," and together with Vida Funds, EFG, and Wells Fargo SI, "Plaintiffs") move the Court to exclude evidence relating to the 21 policies sold by the Vida Funds, and grant such other and further relief as the Court deems just and proper under the circumstances.

## I.   **INTRODUCTION**

Plaintiffs filed this action to hold Defendants John Hancock Life Insurance Company (U.S.A.) ("JHUSA") and John Hancock Life Insurance Company of New York ("JHNY," and together with JHUSA, "John Hancock" or "Defendants") accountable for the unjustified cost of insurance ("COI") rate increases (the "COI Rate Increases") it began imposing in 2018 on certain of Plaintiffs' Performance UL policies ("Policies"). Since filing suit in 2019, the Vida Funds sold 21 policies (the "Sold Policies") that were originally included in Plaintiffs' complaint.[1] The Vida Funds notified John Hancock of these sales and ultimately stipulated to dismiss their claims as to the Sold Policies. Dkt. No. 169; *see also* Dkt. No. 179. As a result, the Sold Policies are not at issue in the case proceeding to trial. Any evidence John Hancock seeks to admit relating to the Sold Policies is therefore irrelevant and inadmissible under Federal Rule of Evidence 402. To the

---

[1] The Sold Policies are Policy Nos. 1200378, 93875979, 94193604, 1204979, 1202867, 1203029, 1203695, 1217443, 93443638, 93506590, 93605368, 93862431, 93967396, 93994457, 94177094, 93714061, 93766673, 93719300, 93720050, 94009917, and 94010824.

extent such evidence has any marginal probative value—and it does not—the evidence should be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by a danger of wasting time, misleading the jury, and confusing the issues.

## II. BACKGROUND

Plaintiffs filed their initial complaints against John Hancock on December 3, 2019 and March 7, 2019. *See* Dkt. No. 1; Complaint, *VICOF II Trust et al. v. John Hancock Life Ins. Co. (U.S.A.)*, No. 2:19-cv-10244 (C.D. Cal. Dec. 3, 2019), Dkt. No. 1; Complaint, *EFG Bank AG, Cayman Branch et al. v. John Hancock Life Insurance Company (U.S.A.)*, No. 2:19-cv-01696 (C.D. Cal. Mar. 7, 2019), Dkt. No. 1. Plaintiffs' separate complaints were then consolidated in the present case. *See* Dkt. No. 121. On November 12, 2021, Plaintiffs filed an Amended and Consolidated Complaint which identified 21 policies the Vida Funds had sold since the inception of the case and was, at the time, claiming damages for in the form of diminution in fair market value. *See* Dkt. No. 102 ¶¶ 11 n.2, 12 n.3, 14 n.4. The parties subsequently filed a joint letter advising the Court that the Vida Funds agreed to withdraw and dismiss with prejudice any claims or damages as to the Sold Policies. *See* Dkt. No. 168. On February 15, 2022, the Court entered an Order dismissing Plaintiffs' claims as to the Sold Policies. *See* Dkt. No. 169. Plaintiffs' operative Second Amended and Consolidated Complaint, filed on May 2, 2022, does not include the Sold Policies. *See* Dkt. No. 179.

## III. LEGAL STANDARDS

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may rule on the relevance of evidence on an *in limine* motion. *See, e.g.*, *Vega-Ruiz v. Montefiore Med. Ctr.*,

408 F. Supp. 3d 530, 533 (S.D.N.Y. 2019) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Federal Rule of Evidence 403 grants the Court authority to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV.   ARGUMENT

### A.   Evidence of the Vida Funds' Sold Policies, Which Are No Longer Part of This Litigation, Is Irrelevant and Should Be Excluded Pursuant to Federal Rule of Evidence 402

John Hancock's preliminary exhibit list includes several documents pertaining to the Vida Funds' sales of the Sold Policies. For example, John Hancock included on its exhibit list a purchase and sale agreement reflecting certain of the Vida Funds' sales of Sold Policies. LeQuang Decl. Ex. 68. John Hancock's exhibit list also has emails about the Vida Funds' sales of Sold Policies. *See, e.g.*, *id.* Ex. 69. John Hancock also designated deposition testimony concerning Sold Policies. *See, e.g.*, *id.* Ex. 51 at 171:21-172:18 (Adam Meltzer, as Vida's corporate representative, testifying as to whether Vida sold Policy Nos. 93994457 and 93766673 in October 2020, and whether "Vida is, in fact, not the owner and no longer has any ownership interest" in five of the Sold Policies).

To the extent John Hancock contends evidence concerning the Sold Policies is relevant to Plaintiffs' damages for the policies at issue ("At Issue Policies"), evidence concerning the Sold Policies is irrelevant. Plaintiffs' damages expert, Don Solow, determined Plaintiffs' damages as to the At Issue Policies based on the excess deductions and charges John Hancock took as a result of the COI Rate Increases—i.e., the difference between the deductions and charges John Hancock has taken using the increased COI rates and the deductions and charges John Hancock would have

taken using the original COI rates.  *See* LeQuang Decl. Ex. 70 ¶¶ 35-36.  John Hancock's own damages expert also calculates damages in the form of excess deductions and charges and does not use or rely on the Sold Policies.  *See* LeQuang Decl. Ex. 38 ¶ 11 (Bruce Deal, John Hancock's damages expert, stating that Plaintiffs' damages arising out of John Hancock's alleged breach of contract should equal the difference between the COI charges actually deducted "from the at-issue policies" and the COI charges that would have been deducted absent John Hancock's alleged breach of contract).[2]  Accordingly, the Sold Policies have no bearing on Plaintiffs' damages.

Nor does evidence of the Sold Policies relate to the defenses John Hancock asserted in its Answer to Plaintiffs' operative Complaint.  First, evidence of the Sold Policies is not relevant to the alleged defense that Plaintiffs lack standing.  *See* Dkt. No. 180, at 22 (First Defense), 25 (Eighteenth Defense).  To the extent John Hancock intends to offer evidence concerning the Vida Funds' policy sales to argue that Plaintiffs lack standing, this evidence concerns policies that are no longer at issue in this case and thus have no bearing on Plaintiffs' standing.

Second, evidence of the Sold Policies is not relevant to the alleged defense that Plaintiffs have not suffered an injury or damage caused by John Hancock.  *See* Dkt. No. 180, at 22 (Third Defense).  John Hancock's deposition designations indicate that John Hancock intends to argue that the COI Rate Increases did not impede the Vida Funds' ability to sell policies impacted by the COI Rate Increases.  *See, e.g.*, LeQuang Decl. Ex. 51 at 177:14-19 ("Q. Have you had any trouble selling John Hancock policies in the tertiary market that have been subject to the cost of insurance increase? . . . A. No.").  The Vida Funds' ability to sell impacted policies, however, is irrelevant.  Plaintiffs' ability or inability to sell their policies has no bearing on the excess COI deductions and charges John Hancock took as a result of the COI Rate Increases.

---

[2] Plaintiffs are moving to exclude Mr. Deal's damages opinions on other grounds.  *See* Plaintiffs' Motion *in Limine* No. 4.

Third, evidence of the Sold Policies is not relevant to the alleged defense that Plaintiffs did not take reasonable steps to mitigate damages.  *See* Dkt. No. 180, at 25 (Seventeenth Defense).  To the extent John Hancock intends to offer evidence of the Vida Funds' policy sales to argue Plaintiffs could have sold At Issue Policies to mitigate their damages, the evidence is not related to whether or how Plaintiffs have mitigated damages.  Parties injured by a breach of contract have a limited obligation to make "reasonable" efforts to mitigate damages.  *See Agam v. Gavra*, 236 Cal. App. 4th 91, 111 (2015); *APL Co. PTE v. Blue Water Shipping U.S. Inc.*, 592 F.3d 108, 111 (2d Cir. 2010) (citing *Losei Realty Corp. v. City of New York*, 254 N.Y. 41, 47 (1930)).  The reasonableness standard for an injured party's efforts is a lower bar than the reasonableness standard in other contexts.  *Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968); *APL Co. PTE*, 592 F.3d at 111 (citing *Williams v. Montgomery*, 148 N.Y. 519, 527 (1896)).  The reasonableness inquiry should begin with the expectations of the parties as revealed by their contract.  *E.g.*, *APL Co. PTE*, 592 F.3d at 111 (citing *Williams v. Montgomery*, 148 N.Y. 519, 527 (1896)).  Evidence of the Vida Funds' Sold Policies would not shed any light on whether the At Issue Policies reveal an expectation that policyholders sell their policies if, as alleged here, John Hancock violates the policy terms by improperly raising COI rates.  What the Vida Funds may have done with respect to the Sold Policies, for any number of business reasons, has no relation to any of Plaintiffs' mitigation efforts as to the At Issue Policies and is therefore irrelevant to John Hancock's mitigation defense.  Accordingly, evidence of the Sold Policies is not related to any of John Hancock's potentially applicable defenses.

Accordingly, evidence of the Sold Policies is inadmissible under Federal Rule of Evidence 402 and should be excluded.

**B.  <u>Even If Evidence of the Vida Funds' Sold Policies Has Some Relevance—And It Does Not—It Should Be Excluded Under Federal Rule of Evidence 403</u>**

Any limited probative value of evidence concerning the Sold Policies would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  Evidence that the Vida Funds sold certain policies is likely to confuse the issues and mislead the jury into believing that the Sold Policies are still part of the case.  The fact that the Vida Funds sold certain policies that were previously at issue in this litigation could cause the jury to form improper opinions about the Vida Funds, or the other Plaintiffs, and the damages they are entitled to, even though the Sold Policies should play no part in the jury's considerations because they are no longer part of this litigation and are irrelevant to Plaintiffs' damages calculations.  The presentation of evidence related to policies that are not issue also would amount to a big waste of time.  If John Hancock is permitted to introduce evidence concerning the Sold Policies, Plaintiffs would need to introduce evidence to give the jury proper context for the sales, such as evidence regarding why funds sell policies and why and how the Vida Funds sold the Sold Policies.  This would likely require, among other things, testimony by witnesses that otherwise would not be called to testify at trial.  Wading into the details of the several different transactions through which the Vida Funds sold the Sold Policies will consume many hours of precious trial time that can be better spent on issues that are actually relevant to the parties' claims and defenses.

Evidence of the Sold Policies should therefore be excluded under Federal Rule of Evidence 403.

## V.   __CONCLUSION__

For the foregoing reasons, Plaintiffs respectfully request the Court enter an order *in limine* excluding evidence relating to the Sold Policies, and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 27, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

KHAI LEQUANG

Attorneys for Plaintiffs
VICOF II TRUST; VIDA LONGEVITY
FUND, LP; LIFE ASSETS TRUST II S.A.
DELAWARE TRUST; VIDAQUANT SUB-
FUND DELAWARE TRUST; VIDA
INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP;
EFG BANK AG, CAYMAN BRANCH;
WELLS FARGO BANK, NATIONAL
ASSOCIATION, as securities intermediary for
VICOF II TRUST, VIDA LONGEVITY
FUND, LP, LIFE ASSETS TRUST II S.A.
DELAWARE TRUST, VIDAQUANT SUB-
FUND DELAWARE TRUST, VIDA
INSURANCE FUND II SERIES INTERESTS
OF THE SALI MULTI-SERIES FUND, LP,
AND EFG BANK AG, CAYMAN BRANCH;
DLP MASTER TRUST; DLP MASTER
TRUST II; GWG DLP MASTER TRUST; LIFE
FUNDING TRUST; PF PARTICIPATION
FUNDING TRUST; AND PALM BEACH
SETTLEMENT COMPANY