IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>            Plaintiffs,<br><br>            v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>            Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br><br>            Plaintiffs,<br><br>            v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | |

|  |
|---|
| Defendant. |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>        Defendant. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 8: TO PRECLUDE ARGUMENT THAT PLAINTIFFS WAIVED THEIR RIGHTS TO ASSERT CLAIMS OR SEEK DAMAGES UNDER POLICIES ACQUIRED AFTER THE COI RATE INCREASES**

-i-

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1
II. LEGAL STANDARDS .................................................................................................... 2
III. ARGUMENT .................................................................................................................... 3
    A. Evidence Concerning the Timing of the Vida Funds' Acquisition of the Purchased Policies that John Hancock Seeks to Admit to Argue Waiver or Estoppel, and Arguments of the Same, Are Irrelevant and Should Be Excluded Pursuant to Federal Rule of Evidence 402 ................................................................................... 3
        i. This Evidence Is Irrelevant to John Hancock's Waiver Defense Because the Vida Funds Were Assigned All Rights Related to, Under, and Arising Out of the Purchased Policies ..................................................................... 4
        ii. This Evidence Is Irrelevant to John Hancock's Standing Defense ............. 5
    B. Even If Evidence Concerning the Timing of the Vida Funds' Acquisitions of Policies After the Rate Increases Is Relevant—And It Is Not—It Should Be Excluded Under Federal Rule of Evidence 403 ..................................................... 5
IV. CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Creative Ventures, LLC v. Jim Ward & Assocs.*,
   195 Cal. App. 4th 1430 (2011) ...............................................................................................4

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996).......................................................................................................2

*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
   2014 WL 2199428 (S.D.N.Y. 2014) .......................................................................................4

*Vega-Ruiz v. Montefiore Med. Ctr.*,
   408 F. Supp. 3d 530 (S.D.N.Y. 2019)......................................................................................2

*White Mountains Reinsurance Co. of Am. v. Borton Petrini, LLP*,
   221 Cal. App. 4th 890 (2013) ..................................................................................................4

**Other Authorities**

Fed. R. Evid. 401 ............................................................................................................................2

Fed. R. Evid. 402 ............................................................................................................................2

Fed. R. Evid. 403 ...................................................................................................................... 2-3

Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Funds"); EFG Bank AG, Cayman Branch ("EFG"); Wells Fargo Bank, National Association ("Wells Fargo"), as securities intermediary for the Vida Funds and EFG (in such capacity, "Wells Fargo SI"); DLP Master Trust, DLP Master Trust II, GWG DLP Master Trust, Life Funding Trust, PF Participation Funding Trust, and Palm Beach Settlement Company (collectively, "EAA Plaintiffs," and together with Vida Funds, EFG, and Wells Fargo SI, "Plaintiffs") move the Court to preclude John Hancock from introducing evidence for the purpose of arguing that the Vida Funds waived any right, or otherwise have diminished rights, to pursue claims or damages arising out of the Purchased Policies, and preclude John Hancock from arguing the same, and grant such other and further relief as the Court deems just and proper under the circumstances.

## I.  INTRODUCTION

Plaintiffs filed this action to hold Defendants John Hancock Life Insurance Company (U.S.A.) ("JHUSA") and John Hancock Life Insurance Company of New York ("JHNY," and together with JHUSA, "John Hancock" or "Defendants") accountable for the unjustified cost of insurance ("COI") rate increases (the "COI Rate Increases") it began imposing in 2018 on certain of Plaintiffs' Performance UL policies ("Policies").  The policies at issue ("At Issue Policies") include policies that the Vida Funds purchased after John Hancock announced of the COI Rate Increases ("Purchased Policies").  By virtue of the purchases, the Vida Funds acquired all rights relating to and arising out of the Purchased Policies, including the right to bring claims against John Hancock.

John Hancock seeks to argue the Vida Funds cannot assert claims or seek damages on the Purchased Policies because it knew about the increased COI rates when it purchased them. But claims and damages can be assigned. The Vida Funds have the same rights the prior owners held regardless of the Vida Funds' knowledge at the time of purchase. To the extent John Hancock argues the Vida Funds do not have the right to bring a claim, the Vida Funds were assigned all claims arising out of the Purchased Policies. Any evidence John Hancock seeks to admit for the purpose of arguing, and any argument John Hancock seeks to make, that the Vida Funds waived their or the prior owners' claims, or are estopped from bringing those claims or seeking damages on the Purchased Policies, is therefore irrelevant and inadmissible under Federal Rule of Evidence 402. To the extent any such evidence has some marginal relevance, it should be excluded under Federal Rule of Evidence 403 because its marginal probative value, if any, is substantially outweighed by a danger of wasting time, confusing the issues, and misleading the jury concerning the Vida Funds' right to assert claims and seek damages under the Purchased Policies.

## II.  LEGAL STANDARDS

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may rule on the relevance of evidence on an *in limine* motion. *See, e.g.*, *Vega-Ruiz v. Montefiore Med. Ctr.*, 408 F. Supp. 3d 530, 533 (S.D.N.Y. 2019) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Federal Rule of Evidence 403 grants the Court authority to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. ARGUMENT

**A. Evidence Concerning the Timing of the Vida Funds' Acquisition of the Purchased Policies that John Hancock Seeks to Admit to Argue Waiver or Estoppel, and Arguments of the Same, Are Irrelevant and Should Be Excluded Pursuant to Federal Rule of Evidence 402**

Plaintiffs' Policies include the Purchased Policies. The Vida Funds were assigned all rights under, related to, and arising out of the Purchased Policies when they acquired them, including the rights to assert claims and seek damages arising out of the COI Rate Increases. *See, e.g.*, LeQuang Decl. Ex. 71 at -383-384 (Asset Purchase and Sale Agreement providing that the "Assets" the Vida Funds acquired includes "***all of Seller's rights, claims, actions, remedies, powers and privileges with respect to the Policies***, including, without limitation, the right to service the Policies and to enforce against any Person any obligations that may arise under any Policy Document (and all proceeds from such enforcement)") (emphasis added).

John Hancock's exhibit list and deposition designations indicate John Hancock intends to present evidence that the Vida Funds acquired the Purchased Policies after the COI Rate Increases, for the purpose of arguing that the Vida Funds waived their or the prior owners' claims or are estopped from bringing those claims or seeking damages on the Purchased Policies. *See, e.g.*, *id.* 72; *id.* Ex. 73; *id.* Ex. 74; *id.* Ex. 75; *id.* Ex. 76; *id.* Ex. 51 at 179:8-20 ("Q. Has Vida or any of the Funds that are plaintiffs in this suit acquired any John Hancock policies after the lawsuits were filed that were -- that are subject to the cost of insurance increase? A. Yes. . . . Q. So you've sold policies and . . . bought policies that are subject to the cost of insurance increase? A. Yes."); *id.* Ex. 77 at 166:2-10 ("Q. So . . . is there no negative impact to Vida of the COI increase if they purchased the policy after the COI increase? A. There . . . should not be because, you know, you

should have already known the premium increase, and you would have . . . used that to price the policy."). As discussed above and further below, this evidence is irrelevant.

          i.    **This Evidence Is Irrelevant to John Hancock's Waiver Defense Because the Vida Funds Were Assigned All Rights Related to, Under, and Arising Out of the Purchased Policies**

Evidence concerning the timing of the Vida Funds' acquisition of the Purchased Policies is not relevant to John Hancock's defense that Plaintiffs' claims are barred by waiver or estoppel. *See* Dkt. No. 180, at 23 (Sixth Defense). To the extent John Hancock intends to present such evidence to argue the Vida Funds waived their rights to bring claims regarding the COI rate increases imposed on the Purchased Policies, neither the timing of the Vida Funds' acquisitions of the Purchased Policies nor the Vida Funds' knowledge of the COI Rate Increases at the time of acquisitions has any bearing on whether the Vida Funds have the right to bring claims under the Purchased Policies. They clearly do. One has a right to assign, or be assigned, claims. *See, e.g.*, *White Mountains Reinsurance Co. of Am. v. Borton Petrini, LLP*, 221 Cal. App. 4th 890, 896 (2013); *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal. App. 4th 1430, 1447 (2011). Acquiring policies after being aware of a rate increase on such policies does not somehow vitiate the rights the Vida Funds were assigned when they acquired the Purchased Policies. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2014 WL 2199428, at *10 (S.D.N.Y. 2014) (finding that an investor's agreement to acquire policies despite knowledge of rate increases did not constitute waiver of claims under respective policy contracts). That the Vida Funds were assigned the Purchased Policies, and all claims arising thereunder, is conclusive as to the Vida Funds' rights. Thus, evidence concerning the timing of the Vida Funds' acquisition of the Purchased Policies,

and the Vida Funds' knowledge of the COI Rate Increases at the time it acquired the Purchased Policies, is irrelevant to John Hancock's waiver defense.

### ii. This Evidence Is Irrelevant to John Hancock's Standing Defense

For the same reasons evidence of the timing of the Vida Funds' acquisition of the Purchased Policies is not relevant to John Hancock's waiver or estoppel defense, this evidence is not relevant to John Hancock's standing defense. *See* Dkt. No. 180, at 22 (First Defense), 25 (Eighteenth Defense). Claims can be assigned, and the Vida Funds were indeed assigned all rights, including all rights to bring claims, arising under the Purchased Policies. John Hancock should therefore be precluded from any argument that the Vida Funds or any other Plaintiffs lack standing to pursue damages incurred prior to their acquisitions after the COI Rate Increases. Evidence concerning the timing of the Vida Funds' acquisition of the Purchased Policies, and the Vida Funds' knowledge of the COI Rate Increases at the time it acquired the Purchased Policies, is irrelevant to John Hancock's standing defense.

### B. Even If Evidence Concerning the Timing of the Vida Funds' Acquisitions of Policies After the Rate Increases Is Relevant—And It Is Not—It Should Be Excluded Under Federal Rule of Evidence 403

Any limited probative value of evidence regarding the timing of the Vida Funds' policy purchases after the COI Rate Increases would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time. There is a substantial risk the jury would unfairly believe the Vida Funds' knowledge of the COI Rate Increases when they acquired the Purchased Policies impacts the amount of damages they are entitled to. That is not the law. The Vida Funds acquired the right to bring claims against John Hancock for past damages. John Hancock should not be permitted to present evidence and argument to convince the jury that the Vida Funds have less of a right to damages because they knew the Purchased Policies were subject to the COI Rate Increases.

It also would be a waste of time for the parties to present evidence and argument on the timing of the Vida Funds' acquisitions and their knowledge at the time of the acquisitions for the purpose of John Hancock's affirmative defenses. Such evidence does not support the potentially applicable defenses John Hancock asserts, and any argument that the Vida Funds have a diminished right to bring claims cannot stand in the face of the law and facts here. Yet if John Hancock is permitted to introduce evidence for the purposes of making such arguments, Plaintiffs will have to spend valuable trial time introducing evidence to give the jury proper context for the acquisitions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an order *in limine* precluding John Hancock from introducing evidence for the purpose of arguing that the Vida Funds waived any right, or otherwise have diminished rights, to pursue claims or damages arising out of the Purchased Policies, and precluding John Hancock from arguing the same, and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 27, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Khai LeQuang*

KHAI LEQUANG

Attorneys for Plaintiffs
VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUB-FUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; EFG BANK AG, CAYMAN BRANCH; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUB-FUND DELAWARE TRUST, VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP, AND EFG BANK AG, CAYMAN BRANCH; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST; LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; AND PALM BEACH SETTLEMENT COMPANY