## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>                     Plaintiffs,<br>     v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br>                  Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br>                  Plaintiffs,<br>     v.<br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>                  Defendant. | |

EFG BANK AG, CAYMAN BRANCH; and WELLS
FARGO BANK, NATIONAL ASSOCIATION, as
securities intermediary for EFG BANK AG,
CAYMAN BRANCH,

                              Plaintiffs,

       v.

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.),

                              Defendant.

**DEFENDANTS JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) AND
DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW
YORK'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "John Hancock") respectfully request leave to file under seal or in redacted form certain exhibits submitted in connection with John Hancock's Oppositions to Plaintiffs' Motions *in Limine* Nos. 1-8; quotations from or summaries of information in those exhibits in John Hancock's Oppositions to Plaintiffs' Motions *in Limine* Nos. 1-8; and quotations from or summaries of information in other documents this Court has approved for filing under seal.

In each of the above-captioned actions, the parties have executed, and the Court has entered, a Stipulated Confidentiality Agreement and Protective Order for the purpose of "protect[ing] the confidentiality of nonpublic and competitively sensitive information that [the parties] may need to disclose in connection with discovery." ECF 34 ("Protective Order") at 1. Under the Protective Order, "[a]ny party seeking to have Confidential Discovery Material filed with the Court shall file a motion for leave to file under seal in compliance with Rule 4(B)(ii) of the Court's Individual Rules." Protective Order ¶ 10(b). "Within twenty-one (21) days after the filing of a motion for leave to file Confidential Discovery Material under seal, any party may file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally sought to be filed under seal." *Id.* ¶ 11. Where there is an opposition and reply in support, this deadline is "extended to twenty-one (21) days after the date that any reply brief in further support of the original motion is due." *Id.*

Pursuant to the terms of the Protective Order, John Hancock seeks leave to file under seal or in redacted form (i) certain exhibits to the Declaration of Matthew T. Martens in Support of John Hancock's Oppositions to Plaintiffs' Motions *in Limine* Nos. 1-8 ("Martens Declaration"); (ii) quotations from or summaries of information in those exhibits in certain of John Hancock's

Oppositions to Plaintiffs' Motions *in Limine*.  John Hancock hereby requests confidential treatment of material identified in Exhibit 1 to the Proposed Order submitted with this Motion, which includes:

- Exhibits D and E to the Martens Declaration, which contain confidential communications between John Hancock and a state regulatory agency regarding proprietary and confidential pricing parameters and actuarial assumptions.

- Exhibit F to the Martens Declaration, which contains confidential information describing John Hancock's proprietary underwriting practices.

- Redacted portions of Exhibit O to the Martens Declaration (the Expert Report of Timothy C. Pfeifer), which contains or reflects proprietary and confidential pricing parameters, projections, and analysis of product performance and profitability.[1]

In addition, John Hancock seeks to file in redacted form portions of its Oppositions to Plaintiffs' Motion *in Limine* that consist of: (i) quotations from or summaries of information in certain exhibits to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine* that are currently under seal and the subject of John Hancock's forthcoming motion for continued sealing; and (ii) quotations from or summaries of information in certain exhibits to the Declaration of Matthew T. Martens in Support of John Hancock's Motions *in Limine* Nos. 1-11, which are subject to this Court's order granting John Hancock's motion to seal, *see* ECF No. 297.

As set forth in the accompanying Declaration of Zahir Bhanji ("Bhanji Declaration"), the information that John Hancock seeks to maintain under seal (collectively, "Confidential Information") is non-public, commercially sensitive, and proprietary.  Courts—including this Court—routinely order that material of this nature be maintained under seal.  Indeed, this Court has previously granted a motion by John Hancock to seal the same portions of Exhibit O to the

---

[1]     The redactions requested in this Motion mirror those the Court approved when it granted John Hancock's prior motions to seal the same expert report.  *See* ECF Nos. 195, 215.

Martens Declaration that are the subject of this Motion.  *See* ECF Nos. 195, 215.

Separately, John Hancock is filing under seal certain other documents, identified in Exhibit 2 to the Proposed Order, that Plaintiffs designated as Confidential Discovery Material under the Protective Order.  In addition, John Hancock has redacted quotations from and summaries of those documents in certain of John Hancock's Oppositions to Plaintiffs' Motions *in Limine* and in John Hancock's Pre-Trial Memorandum.   While John Hancock is filing these documents under seal in compliance with the Protective Order, John Hancock is not seeking continued confidential treatment of those documents or the redacted portions of John Hancock's Oppositions to Plaintiffs' Motions *in Limine* and Pre-Trial Memorandum that quote or summarize those documents.   Under the Protective Order, those documents and the portions of John Hancock's Oppositions to Plaintiffs' Motions *in Limine* and Pre-Trial Memorandum that quote or summarize the documents, should remain under seal for twenty-one days after the date that John Hancock's Oppositions to Plaintiffs' Motions *in Limine* are due to provide Plaintiffs an opportunity to move for continued sealing.  Protective Order ¶¶ 11-12.

## LEGAL STANDARD

While court records enjoy a presumption of openness to public inspection, that presumption is "rebuttable upon demonstration that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Rule 4(A), Individual Rules of the Honorable Alvin K. Hellerstein (internal quotation marks omitted).   To resolve a party's motion to keep certain "judicial documents" under seal, courts consider and balance (i) "the weight of the presumption of [public] access" against (ii) any "countervailing factors" including "the privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted).

As the Second Circuit has instructed, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal quotation mark and brackets omitted).  Generally, the information at issue "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (internal quotation mark omitted).  !"[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

After determining the weight of the presumption of access, the Court must "balance competing considerations against it," including a party's privacy interests in maintaining information under seal.  *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).  "In determining the weight to be accorded an assertion of a right of privacy, courts should … consider the degree to which the subject matter is traditionally considered private rather than public," as well as "the sensitivity of the information and the subject." *Amodeo*, 71 F.3d at 1051.  "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Grayson v. Gen. Elec. Co.*, 2017 WL 923907, at *1, 3 (D. Conn. Mar. 7, 2017) (internal quotation marks omitted) (sealing "documents or information relevant to pricing, sales and profit"); *see also, e.g.*, *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing sensitive business information); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018).

Where the Court has found sealing appropriate for materials on summary judgment, sealing of the same materials is appropriate when submitted on a motion *in limine*. *See Hanks v. Voya Ret. Ins. & Annuity Co.*, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021).

## ARGUMENT

The Confidential Information identified in Exhibit 1 to the Proposed Order should be sealed because John Hancock's strong privacy interest in preventing disclosure of its non-public, proprietary, commercially sensitive information outweighs the presumption of public access to such information.

## I.  The Confidential Information Is Commercially Sensitive And Disclosure Would Materially Injure John Hancock's Business

"Foremost among the competing concerns that a court weighing disclosure must consider is the privacy interest of the person resisting disclosure." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (internal quotation marks omitted).  In evaluating an asserted privacy interest by a party seeking to seal confidential information, courts consider both (i) "the degree to which the subject matter is traditionally considered private rather than public" and (ii) the "nature and degree of injury" that may flow from disclosure.  *Amodeo*, 71 F.3d at 1051.  "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Id.* For that reason, "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses" or "business strategies" when "disclosure of that information could provide competitors with an unearned advantage." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022).  Here, the Confidential Information consists of or expressly refers to non-public, proprietary, and/or commercially sensitive information concerning the development and management of John Hancock's products, including pricing assumptions and parameters, projections, and analysis of product performance

and profitability.   The disclosure of that information would cause John Hancock significant competitive harm.

Disclosure of non-public information concerning the development and management of John Hancock's products would cause John Hancock substantial competitive harm.  As described in the Bhanji Declaration submitted with this Motion, the Confidential Information consists of non-public, commercially sensitive, and proprietary information that goes to the very heart of John Hancock's business, including pricing assumptions and parameters; underwriting practices; projections; analysis of product performance and profitability; and assessment of the regulatory environment.  Bhanji Decl. ¶ 4.  This information is highly sensitive.  Life insurance companies compete with one another in large part through the manner in which they structure, price, and manage their products.  If John Hancock's competitors were able to obtain detailed information concerning John Hancock's proprietary product development and management practices, which it expends significant time and resources to develop, those competitors could use that information to price their competing life insurance products to undercut John Hancock's competitive position and lure away prospective customers.  *Id.*  Disclosure could also substantially impair John Hancock's bargaining position when negotiating reinsurance coverage with its reinsurers, making any reinsurance obtained by John Hancock—and John Hancock's reinsured products—more expensive relative to competitors for which reinsurers do not have access to similar information. *Id.*

Given the substantial competitive harm that would flow from disclosing information concerning John Hancock's product development and management practices, it is no surprise that courts—including this Court—routinely order that such information be maintained under seal. *See, e.g.*, *W.J. Deutsch & Sons Ltd.*, 2022 WL 890184, at *3 (sealing documents related to "pricing

lists" and "marketing strategies"); Order Granting Motion to Seal, *Relx Inc. v. Informatica Corp.*, 16-cv-9718-AKH (S.D.N.Y. Aug. 20, 2018), ECF No. 125 at 1–2 (Hellerstein, J.) (granting motion to seal exhibits "contain[ing] confidential … pricing information"); Memorandum Opinion and Order, *In re AXA Equitable Life Ins. Co.*, No. 1:16-cv-00740-JMF (S.D.N.Y. Nov. 3, 2017), ECF No. 135 at 4 (granting motion to seal documents disclosing "proprietary actuarial assumptions, processes, methodologies, and judgements that continue to inform or reflect [the life insurance company's] current mortality assumptions" (internal quotation mark omitted)); *Grayson*, 2017 WL 923907, at *3 (sealing "information relevant to pricing, sales and profit"); Order Granting Motion to Seal, *Decision Modeling, Inc. v. Timevalue Software, Inc.*, 9-cv-8364-AKH (S.D.N.Y. Jan. 11, 2010), ECF No. 54 (Hellerstein, J.) (granting motion to seal documents that would give a competitor insight into the moving party's internal development process and future products and plans).

## II.   John Hancock's Request To Maintain The Confidential Information Under Seal Is Narrowly Tailored

Requests to maintain material under seal are narrowly tailored if they are no broader than necessary to protect the compelling interests at stake.  In certain circumstances, a narrowly tailored request may require redactions.  *See, e.g.*, *Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017) (finding that "limited redaction" of terms related to parties' settlement agreement was "narrowly tailored" and granting motion to redact "handful of phrases and sentences in … opposition brief").  But sealing an entire document may be appropriate where the extent of the necessary redactions makes redaction impractical, *Hypnotic Hats, Ltd.*, 335 F. Supp. 3d at 600 (maintaining entire exhibit under seal because it could not "be practicably redacted"), such as where the document consists entirely of material that meets the criteria for sealing, *see Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 PKC, 2012 WL

3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing in their entirety exhibits containing commercially sensitive information).

John Hancock's request to maintain the Confidential Information under seal is narrowly tailored. John Hancock has proposed that Exhibit O to the Martens Declaration and certain of John Hancock's Oppositions to Plaintiffs' Motions *in Limine* be redacted in a manner that balances the public's interest in disclosure against John Hancock's interest in confidentiality—indeed, the Court has already granted John Hancock's motions to seal the very same portions of the same document. *See* ECF Nos. 195, 215. The proposed redactions are no broader than necessary to ensure that John Hancock does not suffer competitive harm while also enabling the public to evaluate this Court's resolution of Plaintiffs' Motions *in Limine*. Exhibits D, E, and F consist almost entirely of non-public, commercially sensitive, and proprietary information and therefore cannot practicably be redacted without unduly burdening John Hancock's legitimate and substantial interest in confidentiality. Accordingly, it is appropriate to seal those exhibits in their entirety.

## CONCLUSION

In light of the foregoing, John Hancock respectfully requests that the Court grant this motion for leave to file documents under seal and enter the Proposed Order submitted herewith.

Date: February 16, 2023

/s/ Matthew T. Martens
Matthew T. Martens
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 663-6000
Fax: (202) 663-6363

Robert K. Smith (*pro hac vice*)
Yavor Nechev (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109 USA
Tel.: (617) 526-6000
Fax: (617) 526-5000

John F. LaSalle
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendants John Hancock Life*
*Insurance Company (U.S.A.) and John Hancock*
*Life Insurance Company of New York*