**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | |

|  |
| --- |
| Defendant. |

|  |
| --- |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>      Defendant. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTINUED SEALING OF PORTIONS OF AN EXHIBIT FILED IN SUPPORT OF JOHN HANCOCK'S MOTIONS *IN LIMINE***

Pursuant to Rule 4.A and 4.B.ii of this Court's Individual Rules of Practice, Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned case (ECF No. 34), and applicable law, Plaintiffs VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Funds"), respectfully request continued sealing of portions of an exhibit filed by Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "John Hancock" or "Defendants") in connection with their Motions *in Limine*. Specifically, Vida Funds request continued sealing of portions of Exhibit B to the Declaration of Matthew T. Martens ("Martens Declaration") filed in support of Defendants' Motions *in Limine* (ECF No.257-02).  In support of this motion, Vida Funds submit the Declaration of Stephen Kirkwood dated February 17, 2023 ("Kirkwood Decl.").

1

Courts have long recognized the common law public "right of access" to judicial records, but they have also cautioned that this right of access "is not absolute." *See, e.g., Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *U.S. v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017); *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1 (W.D.N.Y. Mar. 29, 2005). The presumption of public access must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Courts in this District also consider potential competitive harm to the parties that might occur from public filing of confidential business information. *See, e.g., New York v. Actavis*, *PLC, et al.*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (sealing confidential business information that could "place a party at a competitive disadvantage"). As described in detail below, Vida Funds are requesting continued sealing of portions of a document that contains particularly sensitive information.

Exhibit B is a version of Plaintiffs' Trial Exhibit List that Plaintiffs' counsel sent to John Hancock's counsel in connection with the parties' pretrial exchanges. Exhibit B is not publicly available. The Vida Funds are requesting continued sealing of the names of entities from whom the Vida Funds acquired John Hancock policies that are referenced on pages 83-84[1] of Exhibit B, because that information is highly sensitive to the Vida Funds' business and public disclosure of such information would cause competitive harm to the Vida Funds. Kirkwood Decl., ¶¶ 3-4. Specifically, the names of the counterparties to purchase and sales agreements entered into by the

---

[1] The counterparty names are included on pages 83-84 of Exhibit B at PTX 11237-11243, 11245, 11247-11248, 11250-11251, 11253, 11255, 11257, 11259-11266, 11268, 11270-11271, and 11273-11276.

Vida Funds would allow the Vida Funds' competitors to have an inside look at the Vida Funds' business decisions concerning their investment in and management of life insurance policies. *Id.* ¶ 5. The Vida Funds would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.* Public disclosure of this information may also have a chilling effect on future counterparties' desire to do business with the Vida Funds. *Id.* ¶ 6. Moreover, the Vida Funds are also under an obligation to keep this information confidential under the terms of the purchase and sale agreements associated with these transactions. *Id.* Therefore, the competitive harm to the Vida Funds that would result from disclosure outweighs the presumption of public access. *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Plaintiffs respectfully request that the identified portions of Exhibit B to the Martens Declaration remain sealed in order to protect the Vida Funds from harm that would result if the confidential and proprietary information contained therein was publicly filed.

Dated:  February 17, 2023

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP


By:  /s/ Khai LeQuang
    KHAI LEQUANG
    RICHARD W. KREBS

Attorneys for Plaintiffs

3