# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FARO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>      Plaintiffs,<br> v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br>      Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br>      Plaintiffs,<br> v.<br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br>      Defendant. | |

EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH,

       Plaintiffs,

 v.

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),

       Defendant.

**DEFENDANTS JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) AND DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO PRECLUDE TESTIMONY OF WILLIAM KETTERER</u>**

Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "John Hancock") move for an order precluding Plaintiffs from offering at trial the testimony of William Ketterer.[1]

Until one week ago, Ketterer was a stranger to this case. He appears *nowhere* in Plaintiffs' Rule 26(a) disclosures or the Parties' February 16, 2023 Joint Pretrial Order (ECF No. 345), was *not* among the custodians whose documents Plaintiffs agreed to search and produce in discovery, and has *not* been deposed. Then, on February 25, 2023, just 10 days before trial, Plaintiffs informed John Hancock that they would seek to call Ketterer at trial to testify on behalf of the Vida Plaintiffs.[2] Plaintiffs claimed that the witness they had previously identified as testifying on behalf of the Vida Plaintiffs in the Joint Pretrial Order—John Hendrickson, the Managing Director of Portfolio Management and Head of Pricing of Vida Capital, Inc. ("Vida"), which manages the Vida Plaintiffs—had given notice *9 days earlier* that he was leaving Vida and would not make himself available to testify at trial. In Hendrickson's stead, Plaintiff seek to offer testimony from Ketterer.

The Court should preclude Plaintiffs from doing so. The law is clear that, where a party fails to identify a witness in its Rule 26(a) disclosures, it cannot offer that witness's testimony at trial. There is no explanation for Plaintiffs' failure to timely identify Ketterer as a witness they "may call if the need arises," Rule 26(a)(3)(A)(i), given their knowledge *at the time they filed the Joint Pretrial Order* on February 16, 2023 that Hendrickson was leaving Vida. That is particularly

---

[1] Prior to the filing of this Motion, the Parties exchanged numerous emails over the course of eight days and held a telephonic meet and confer conference on Thursday, March 2, 2023. Following further exchanges of emails, the Parties reached impasse on March 4, 2023.

[2] The Vida Plaintiffs are VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP.

true given that Plaintiffs have asserted that Ketterer's testimony will be materially identical to that of Hendrickson, who Plaintiffs represented would testify for **two hours**. Injecting an unknown witness into this case on the eve of trial when Plaintiffs could have disclosed Ketterer weeks (if not years) earlier is highly prejudicial to John Hancock. Trial in this case is imminent. And while Plaintiffs have offered to make Ketterer available for a deposition on a single afternoon less than 48 hours before trial is scheduled to begin, Plaintiffs have refused to review or produce *any* of Ketterer's custodial documents in advance of the deposition, effectively precluding John Hancock from having a meaningful ability to depose Ketterer and prepare to address the testimony he may offer at trial.[3] Finally, as this Court has made clear, continuing the trial is not an option, leaving John Hancock no opportunity to prepare for Ketterer's testimony and rectify the prejudice Plaintiffs have caused.

For these reasons, Plaintiffs should be precluded from offering Ketterer's testimony at trial. Alternatively, the Court should order Plaintiffs to produce Ketterer's custodial documents and make him available for a deposition before he testifies at trial.

## ARGUMENT

**I.     The Court Should Preclude Plaintiffs From Offering Ketterer's Testimony At Trial**

Under Rule 26(a)(3)(A)(i), "a party ***must*** provide to the other parties" in its pretrial disclosures the name of "each witness" the party "expects to present" at trial "and those it may call if the need arises." *Id.* (emphasis added). Where a party fails to identify a witness in its pretrial disclosures, it is "***not allowed***" to "use that … witness to supply evidence … at a trial, unless the

---

[3]     Plaintiffs also identified Thursday, March 2, 2023 as a potential deposition date. *See* Ex. B to Decl. of Matthew T. Martens ("Martens Decl.") at 5 (Feb. 28, 2023 Email From Khai LeQuang to Robert Smith). As of March 2, however, Plaintiffs had still not informed John Hancock whether they would produce any of Ketterer's documents in advance of deposition. *See id.* at 4-5.

3

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). As the commentary to Rule 37(c)(1) makes clear, this is an "***automatic sanction***" intended to "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37 Advisory Committee Notes to 1993 Amendments (emphasis added). And courts in this Circuit routinely preclude parties from offering testimony of witnesses identified for the first time shortly before trial. *See, e.g.*, *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (affirming order precluding testimony of witnesses identified ten days before commencement of trial); *Williams v. Bethel Springvale Nurson Home, Inc.*, 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) (precluding testimony from witness disclosed a "few weeks before trial"); *D'Amico v. Dep't of Child. & Fams.*, 2018 WL 650371, at *2 (D. Conn. Jan. 31, 2018) (precluding testimony from witness disclosed a "few weeks … before trial and long after the discovery period has closed").

To determine whether to preclude the testimony of an undisclosed witness, courts in the Second Circuit consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117 (cleaned up). Here, each factor weighs in favor of precluding Plaintiffs from offering Ketterer's testimony.

A. **There Is No Explanation For Plaintiffs' Failure To Timely Identify Ketterer**

Throughout this years-long litigation, including extensive discussions over several months regarding the witnesses the Parties intended to bring to trial, Plaintiffs did not so much as mention Ketterer, let alone suggest that he would be the only witness testifying at trial on behalf of the Vida Plaintiffs. Plaintiffs do not—and cannot—explain why they did not identify Ketterer as a trial witness earlier, and the absence of an explanation for Plaintiffs' delay weighs in favor of

4

preclusion. *See, e.g.*, *Patterson*, 440 F.3d at 117 (affirming order excluding testimony under Rule 37(c) where explanation for failure to disclose earlier was "not adequate"); *Williams*, 2018 WL 1662644, at *5 (preclusion appropriate where party "provide[d] absolutely no justification for [proposed witnesses'] omission"); *see also Cole Sys. Assocs., Inc. v. Mun. Emergency Servs., Inc.*, 2010 WL 4942229, at *2 (S.D.N.Y. Dec. 3, 2010) (unexplained failure to timely disclose witness under rule 26(a) "sufficient in and of itself to preclude [her] testimony").

Hendrickson's departure from Vida is no excuse. Rule 26(a)(3)(A)(i) requires a party to identify not only witnesses it "expects to present" at trial, but also "those it ***may*** call ***if the need arises***." *Id.* (emphasis added). Plaintiffs knew no later than February 16, 2023 that Hendrickson was leaving Vida, that his attendance at trial was not guaranteed, and that they may need to call Ketterer (or another witness) "if the need arises." *See* Ex. A to Martens Decl. at 1 (Feb. 25, 2023 Email From Khai LeQuang to Robert Smith). They had ample opportunity to inform John Hancock and the Court that they may have to call Ketterer if the need arose when Plaintiffs filed the Joint Pretrial Order, between filing the Pretrial Order and the final pretrial conference, or at the final pretrial conference.[4] Yet Plaintiffs waited 10 days—roughly half of the time between when they first learned that Ketterer would need to be called if the need arose and when trial was set to begin—to identify Ketterer as a trial witness. Plaintiffs have since continued to drag their feet, including by waiting five more days to notify John Hancock that they would not produce any of

---

[4] Indeed, at the final pretrial conference, Mr. LeQuang adverted to a "hiccup" in providing John Hancock with declarations attesting to the ownership of the policies at issue in this case. *See* Ex. C to Martens Decl. (Feb. 23, 2023 Final Pretrial Conference Tr.) at 33:14-16 ("MR. LeQUANG: We will provide [the declarations] Mr. Martens asked for. There's been on hiccup on that, but we will be able to get that."). It was not until two days later that Plaintiffs informed John Hancock that the hiccup was Hendrickson's separation from Vida and subsequent unavailability.

Ketterer's custodial documents in advance of a deposition. Plaintiffs unexcused (and inexcusable) delay weighs in favor of precluding Ketterer's testimony.

### B.     Plaintiffs' Gamesmanship Is Highly Prejudicial

Even if Ketterer's testimony were important—an issue Plaintiffs have never addressed, *see* Exs. A, B to Martens Decl.—Plaintiffs' tactical delay in identifying Ketterer as a trial witness if the need arose, and their subsequent refusal to produce any of his custodial documents (or even to provide a search term hit report) in advance of a deposition, is highly prejudicial to John Hancock.

On the same day that Plaintiffs first identified Ketterer as a trial witness—February 25, 2023—John Hancock requested that Plaintiffs produce in advance of a deposition all documents in Ketterer's possession, custody, or control that are responsive to John Hancock's document requests. *See* Ex. B to Martens Decl. at 6-7 (Feb. 25, 2023 Email From Robert Smith to Khai LeQuang). Plaintiffs initially claimed that Ketterer—who would ostensibly be testifying as a representative of Vida—does not "ha[ve] control over Vida records." *Id.* at 6 (Feb. 27, 2023 Email From Khai LeQuang to Robert Smith). Recognizing the absurdity of that position, Plaintiffs then informed John Hancock on March 2 that a search of Ketterer's custodial documents revealed 14,000 documents potentially responsive to John Hancock's requests. *See id.* at 4-5 (Mar. 3, 2023 Email From Robert Smith to Khai LeQuang and Richard Krebs). When Plaintiffs asserted that they would not review or produce any of the 14,000 documents given the burden of doing so in the few days remaining before trial, John Hancock proposed to accept production of all 14,000 documents subject to an order under Federal Rule of Evidence 502(d) (as John Hancock has previously made documents available to Plaintiffs), or, alternatively, to review a search term hit report to narrow the categories of requested documents. *See id.* After waiting nearly 24 hours to respond, and only after John Hancock yet against asked for Plaintiffs' position, Plaintiffs informed John Hancock late on the evening of Friday, March 3 that they would not produce ***any*** of Ketterer's

6

custodial documents, even under Rule 502(d). *See id.* at 3-4 (Mar. 3, 2023 Email From Richard Krebs to Robert Smith). And, on Saturday, March 4, Plaintiffs confirmed that they would not produce a search term hit report to enable John Hancock to narrow its requests. *See id.* at 1 (Mar. 4, 2023 Email From Richard Krebs to Robert Smith).

There is no question that Plaintiffs' tactics are highly prejudicial. Plaintiffs' delay in identifying Ketterer as a trial witness and responding to John Hancock's requests regarding his custodial documents has wasted precious time and prejudiced John Hancock's ability to depose Ketterer in advance of trial. And while Plaintiffs have purported to make Ketterer available for a deposition, they offered only two days—the first of which passed without Plaintiffs responding substantively to John Hancock's request for documents, and the second of which is less than 48 hours before the start of trial and is otherwise unworkable. Plaintiffs have compounded the prejudice caused by their delay by refusing to produce *any* of Ketterer's custodial documents despite admitting that there are up to **14,000 potentially responsive documents**. Thus, Plaintiffs have withheld from John Hancock the materials necessary to give John Hancock a meaningful opportunity to question Ketterer regarding relevant matters and to assess whether John Hancock would want to call him in support of its defenses.[5]

That Ketterer's anticipated testimony supposedly will be "materially identical to Mr. Hendrickson's and limited," *see* Ex. B to Martens Decl. at 4 (Mar. 3, 2023 Email From Richard Krebs to Robert Smith), in no way lessens the prejudice to John Hancock. Plaintiffs had designated

---

[5] Insofar as Plaintiffs claim that Ketterer's custodial documents are too voluminous to review before trial, *see* Ex. B to Martens Decl. at 4 (Mar. 3 Email From Richard Krebs to Robert Smith), that burden is entirely of their own making. Had Plaintiffs timely identified Ketterer as a potential trial witness, the parties could have built in time for Plaintiffs to review and produce a reasonable number of Ketterer's custodial documents in advance of his deposition. In any event, John Hancock has made several proposals intended to limit the burden on Plaintiffs. Plaintiffs have rejected—or entirely failed to engage with—all of John Hancock's proposals. *See id.* at 1-4.

Hendrickson to testify for **two hours**, far more than any of Plaintiffs' other representatives. *See* ECF No. 345 at 14. And Plaintiffs' representation that Ketterer's testimony "will be pretty limited—*e.g.*, to who Vida is and premiums paid on the policies" leaves much to the imagination. *See* Ex. B. to Martens Decl. at 9 (Feb. 25, 2023 Email from Khai LeQuang to Robert Smith). In other words, Plaintiffs' tactics have left John Hancock no opportunity meaningfully to prepare for two hours of testimony on any number of unknown topics by a witness whom Plaintiffs had never **mentioned** until 10 days before trial in this case was scheduled to commence.

At this stage in the case, addressing the significant prejudice that Plaintiffs' gambit has caused requires preclusion of Ketterer's testimony. *See, e.g.*, *Patterson*, 440 F.3d at 118 (affirming order excluding testimony under Rule 37(c) where moving party "would have been prejudiced had the testimony of four witnesses only identified ten days before trial been allowed"); *Benson v. Gardner*, 2022 WL 523729, at *5 (N.D.N.Y. Feb. 22, 2022) (emphasizing that "considerable prejudice" would arise if court were to allow testimony by witnesses disclosed "less than two weeks" before trial because opposing party "did not engage in discovery or prepare for trial with knowledge that Plaintiff would use the witnesses to support her claims"); *Williams*, 2018 WL 1662644, at *5 ("Where, as here, an individual is not identified as a potential witness, or even as an individual with knowledge of the claims and defenses in the action, until after the close of discovery, the offending party subverts the purpose of mandatory disclosures and undoubtedly prejudices their opponent. Indeed, untimely disclosures rob opposing counsel of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence for use at trial."); *D'Amico*, 2018 WL 650371, at *2 (precluding

8

witness testimony under Rule 37(c); "[d]efendant has been prejudiced by the late disclosure of this witness, and it is too much to ask for defendant to prepare its case on the eve of trial").[6]

### C. There Is No Possibility Of A Continuance

Trial in this matter is scheduled to begin in three days. And the Court has made clear that continuance is not an option. *See* ECF No. 221 (denying motion to adjourn trial date because "[t]he Court's schedule to waiting criminal cases will not permit an adjournment"); Ex. C to Martens Decl. (Feb. 23 2023 Final Pretrial Conference Tr.) at 72:2-3 ("THE COURT: I warn you, this trial must finish by [March] 31st."). John Hancock's inability to obtain a continuance to address Plaintiffs' failure to comply with Rule 26(a) and seek relief to cure the prejudice Plaintiffs' untimely disclosure has caused weighs strongly against allowing Plaintiffs to profit from their failure to timely identify Ketterer. *See, e.g.*, *Patterson*, 440 F.3d at 118 (observing that where, "after almost four years of litigation, the case was set for trial within ten days of [the disclosure of witnesses]," the district court was not "obligated to continue the trial"); *Williams*, 2018 WL 1662644, at *5 ("[A] continuance would be especially inappropriate this close [a few weeks] to the scheduled trial date. By now, both parties have invested resources in preparing for trial, have arranged their and their witnesses' schedules, and the Court has cleared room in its calendar to accommodate the current trial dates.").

---

[6] The two cases Plaintiffs cited in the Parties' correspondence, *see* Ex. B at 4 (Mar. 3, 2023 Email From Richard Krebs to Robert Smith), are inapposite. In *Meide Zhang v. Liang Zhang*, 816 F. App'x 525 (2d Cir. 2020), unlike in this case, the witness in question had previously been "identified." *Id.* at 530. And in *Picard v. Sage Realty*, 2021 WL 5926059 (S.D.N.Y. Dec. 15, 2021), the witness in question was an expert, and there was no suggestion that additional document discovery was necessary (or even useful) in advance of a deposition. *Id.* at *4.

9

**II.     In The Alternative, The Court Should Compel Plaintiffs To Produce Ketterer's Custodial Documents And Make Him Available For A Deposition Following Production**

If the Court does not preclude Plaintiffs from offering Ketterer's testimony at trial, John Hancock respectfully requests that the Court take steps to ensure that John Hancock is not unfairly prejudiced by Plaintiffs' failure to timely disclose Ketterer as a trial witness. In particular, the Court should: (i) compel Plaintiffs to produce Ketterer's custodial documents, either after expedited review by Plaintiffs or pursuant to an order under Rule 502(d); and (ii) require Plaintiffs to make Ketterer available for a deposition after Plaintiffs produce his documents and before he testifies at trial. This is the minimum relief necessary to ensure that John Hancock is not forced to defend against the unknown because of Plaintiffs' delay and refusal to accommodate John Hancock's reasonable request that it have all the materials necessary to meaningfully depose Ketterer.

## CONCLUSION

For these reasons, the Court should preclude Plaintiffs from offering the testimony of William Ketterer at trial. Alternatively, the Court should order Plaintiffs to produce Ketterer's custodial documents and make him available for a deposition before he testifies at trial.

| | |
|---|---|
| Date: March 4, 2023 | */s/ Matthew T. Martens*<br>Matthew T. Martens<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Tel.: (202) 663-6000<br>Fax: (202) 663-6363<br><br>Robert K. Smith (*pro hac vice*)<br>Yavor Nechev (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109 USA<br>Tel.: (617) 526-6000<br>Fax: (617) 526-5000<br><br>John F. LaSalle<br>BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Tel.: (212) 446-2300<br>Fax: (212) 446-2350<br><br>*Attorneys for Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York* |