IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; WELLS FAGRO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST and VIDA LONGEVITY FUND, LP; and PF PARTICIPATION FUNDING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendant. | Index No. 19-cv-11093 (AKH) |
| VICOF II TRUST; VIDA LONGEVITY FUND, LP; LIFE ASSETS TRUST II S.A. DELAWARE TRUST; VIDAQUANT SUBFUND DELAWARE TRUST; VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUBFUND DELAWARE TRUST, and VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; DLP MASTER TRUST; DLP MASTER TRUST II; GWG DLP MASTER TRUST LIFE FUNDING TRUST; PF PARTICIPATION FUNDING TRUST; and PALM BEACH SETTLEMENT COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | |

|  |
|---|
| Defendant. |
| EFG BANK AG, CAYMAN BRANCH; and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH, <br><br>    Plaintiffs, <br><br>    v. <br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), <br><br>    Defendant. |

## MOTION FOR CONTINUED SEALING OF EXHIBITS FILED IN SUPPORT OF JOHN HANCOCK'S OPPOSITIONS TO PLAINTIFFS' MOTIONS *IN LIMINE*

Pursuant to Rule 4.A and 4.B.ii of this Court's Individual Rules of Practice, Paragraph 10 of the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned VICOF case (VICOF ECF No. 34), and applicable law, Plaintiffs EFG Bank AG, Cayman Branch ("EFG"), VICOF II Trust, Vida Longevity Fund, LP, Life Assets Trust II S.A. Delaware Trust, Vidaquant Sub-Fund Delaware Trust, and Vida Insurance Fund II Series Interests of the SALI Multi-Series Fund, LP (collectively, the "Vida Funds"), and DLP Master Trust, DLP Master Trust II, GWG DLP Master Trust, Life Funding Trust, PF Participation Funding Trust, and Palm Beach Settlement Company (collectively, "EAA Plaintiffs," and together with the Vida Funds and EFG, "Plaintiffs") respectfully request continued sealing of certain exhibits filed by Defendants John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York (together, "John Hancock" or "Defendants") in support of their Oppositions to Plaintiffs' Motions *in Limine*. Specifically, Plaintiffs request continued sealing of: (1) portions of Exhibits K and O to the Declaration of Matthew T. Martens (ECF No. 337) ("Martens Declaration"), filed

in Support of John Hancock's Oppositions to Plaintiffs' Motions *in Limine*; (2) Exhibit V to the Martens Declaration; and (3) references to and quotes from Exhibit V and the identified portions of Exhibit O contained in John Hancock's Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* No. 6 (ECF No. 343). In support of this motion requesting continued sealing of the foregoing exhibits and references thereto, Plaintiffs submit the following: (1) the Declaration of Tobias Schmelz ("Schmelz Decl.") on behalf of EFG, dated March 8, 2023; (2) the Declaration of Dr. Tobias Tillmann ("Tillmann Decl.") on behalf of EAA Plaintiffs, dated March 8, 2023; and (3) the Declaration of Stephen Kirkwood ("Kirkwood Decl.") on behalf of the Vida Funds, dated March 9, 2023.

Courts have long recognized the common law public "right of access" to judicial records, but they have also cautioned that this right of access "is not absolute." *See, e.g., Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *U.S. v. Vinas*, No. 08-CR-823 (NGG), 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017); *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1 (W.D.N.Y. Mar. 29, 2005). The presumption of public access must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Courts in this District also consider potential competitive harm to the parties that might occur from public filing of confidential business information. *See, e.g.*, *New York v. Actavis, PLC, et al.*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (sealing confidential business information that could "place a party at a competitive disadvantage"). As described in detail below, Plaintiffs are requesting continued sealing and

redactions of certain documents that contain particularly sensitive information.

Exhibit K to the Martens Declaration is an excerpt of the September 1, 2021 deposition of Adam Meltzer, formerly Senior Managing Director of Vida, that is not publicly available and that the Vida Funds designated confidential. The Vida Funds are requesting continued sealing of the names of entities to whom the Vida Funds sold John Hancock policies that are referenced at page 178:16 and 178:21 because that information is highly sensitive to the Vida Funds' business and public disclosure of such information would cause competitive harm to the Vida Funds. **Ex. 1**, Kirkwood Decl., ¶ 4. Specifically, the names of the counterparties to purchase and sales agreements entered into by the Vida Funds would allow the Vida Funds' competitors to have an inside look at the Vida Funds' business decisions concerning their investment in and management of life insurance policies. *Id.* ¶ 5. The Vida Funds would consequently suffer from unfair competitive disadvantage in future negotiations concerning their life insurance business, including negotiations surrounding the acquisition and sale of other life insurance policies. *Id.* Public disclosure of this information may also have a chilling effect on future purchasers' desire to do business with the Vida Funds. *Id.* ¶ 6. Moreover, the Vida Funds are also under an obligation to keep this information confidential under the terms of the purchase and sale agreements associated with these transactions. *Id.* Therefore, the competitive harm to the Vida Funds that would result from disclosure outweighs the presumption of public access. *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Exhibit O to the Martens Declaration is the Expert Report of Timothy C. Pfeifer, dated May 19, 2022 ("Pfeifer Report"). Plaintiffs are seeking continued sealing of paragraphs 292-293, the redacted footnotes thereto, and the portions of Table V relating to the Vida Funds, EFG, the

EAA Plaintiffs, and All Plaintiffs Combined.[1]  These portions of the Pfeifer Report include Mr. Pfeifer's analysis of Plaintiffs' life expectancies used in Plaintiffs' valuation of their life insurance policies.  Kirkwood Decl., ¶ 7; **Ex. 2**, Schmelz Decl., ¶ 3; **Ex. 3**, Tillmann Decl., ¶ 3.  Plaintiffs' valuations incorporate Plaintiffs' confidential and proprietary life expectancy figures, the public disclosure of which would provide Plaintiffs' competitors with detailed information regarding some of the most sensitive and essential aspects of Plaintiffs' life settlement businesses.  Kirkwood Decl., ¶¶ 8-9; Schmelz Decl., ¶¶ 4-5; Tillmann Decl., ¶¶ 4-5.  Public disclosure of this information would reveal details regarding Plaintiffs' valuation and life expectancy methodologies, which are proprietary and therefore not publicly disclosed.  Kirkwood Decl., ¶¶ 8-9; Schmelz Decl., ¶¶ 4-5; Tillmann Decl., ¶¶ 4-5.  In addition, the Vida Funds, which are still actively trading in the life settlement market, would risk serious harm if this information was disclosed, as it would give their competitors an unfair advantage in transactions with the Vida Funds by providing inside information concerning how the Vida Funds price and value their assets.  Kirkwood Decl. ¶¶ 8-9.  The serious risk of competitive harm to Plaintiffs that would result from disclosure of this information outweighs the presumption of public access.  *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Exhibit V to the Martens Declaration is a Vida Capital Life Settlement Portfolio valuation report dated January 9, 2017, that is not publicly available and that the Vida Funds designated confidential.  Kirkwood Decl., ¶ 10.  The Vida Funds are requesting continued sealing of the entirety of Exhibit V because the information contained therein reflects the Vida Funds confidential and proprietary life expectancy and valuation data, as well as the Vida Funds'

---

[1] In connection with Plaintiffs' request for continued sealing of portions of Exhibit O to the Martens Declaration, Plaintiffs also request redaction of the quotes from Exhibit O found on pages 4 and 8 of John Hancock's Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* No. 6 (ECF No. 343).

valuation methodology.[2] *Id.* ¶ 11. As discussed above in connection with Exhibit O, disclosure of this highly sensitive information would be competitively harmful to the Vida Funds, as it would provide inside information to the Vida Funds' competitors regarding the Vida Funds' proprietary valuation methodologies the Vida Funds use to compete in the market and would also provide confidential information regarding how the Vida Funds price and value their assets. *Id.* ¶¶ 11-12. Therefore, the competitive harm to the Vida Funds that would result from disclosure outweighs the presumption of public access. *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Plaintiffs respectfully request that the identified portions of Exhibits K and O to the Martens Declaration, Exhibit V to the Martens Declaration, along with the references to Exhibit V and the identified portions of Exhibit O contained in John Hancock's Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* No. 6, remain sealed in order to protect Plaintiffs from harm that would result if the confidential and proprietary information contained therein was publicly filed.

---

[2] In connection with the Vida Funds' request for continued sealing of Exhibit V to the Martens Declaration, the Vida Funds also request redaction of the reference to and quotes from Exhibit V found on page 9 of John Hancock's Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* No. 6 (ECF No. 343).

Dated: March 9, 2023

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: _/s/ *Khai LeQuang*_
    KHAI LEQUANG
    RICHARD W. KREBS

Attorneys for Plaintiffs
EFG BANK AG, CAYMAN BRANCH, VICOF II TRUST, VIDA LONGEVITY FUND, LP, LIFE ASSETS TRUST II S.A. DELAWARE TRUST, VIDAQUANT SUB-FUND DELAWARE TRUST, AND VIDA INSURANCE FUND II SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, LP; AND DLP MASTER TRUST, DLP MASTER TRUST II, GWG DLP MASTER TRUST, LIFE FUNDING TRUST, PF PARTICIPATION FUNDING TRUST, AND PALM BEACH SETTLEMENT COMPANY